U.S. COURTS

DEC 29 2006

REC'D _____ FILED _____
CAMERON S. BURKE
CLERK IDAHO

**IN THE US DISTRICT COURT FOR THE DISTRICT OF IDAHO**

| | | |
|---|---|---|
| Randall Tetzner | ) | |
| and | ) | |
| Baby Doe One, a minor child | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.__  ____  ____ |
| | ) | |
| vs. | ) | |
| | ) | |
| Kootenai County, Idaho | ) | |
| a municipal governmental body | ) | |
| | ) | |
| Rick Currie | ) | |
| Gus Johnson | ) | |
| Katie Brody | ) | |
| Kootenai County Commissioners, | ) | |
| | ) | |
| Richard Panabaker | ) | |
| Former Kootenai County Commissioner, | ) | |
| | ) | |
| Erica Ellingson | ) | |
| a.k.a | ) | |
| Erica Grubbs | ) | |
| Kootenai County Attorney, | ) | |
| | ) | |
| Cheri Bates | ) | |
| Former Personel Director Kootenai County, | ) | |
| | ) | |
| Watson Agency, INC. | ) | |
| Idaho Corporation and agent of | ) | |
| Kootenai County, | ) | |
| | ) | |
| John Weick, President | ) | |
| Watson Agency, agent of Kootenai County, | ) | |
| | ) | |
| Julie Weick, CEO | ) | |
| Watson Agency, agent of Kootenai County, | ) | |
| | ) | |
| Mike Bragdon, | ) | |
| a.k.a | ) | |
| Mike Brag | ) | |
| a.k.a | ) | |
| John Doe number one | ) | |
| Security Guard Watson Agency and | ) | |
| Agent for Kootenai County, | ) | |

1

John Does 2 thru 50,                    )
Unknown defendants                      )

## I. PRELIMINARY STATEMENT

1. This is an  action seeking monetary, declaratory and injunctive relief to redress violations of rights, privileges and immunities secured to the Plaintiff's by  Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and implementing regulations; and by The American with Disabilities Act 42 U.S.C. § 12131 and implementing regulations and pursuant to 42 U.S.C § 1983, 1985 (3) and 1988 and the 1st, 4th, 5th, and 14th amendments to the US Constitution , Article I section one, Article I section nine. Article I section 13, Article I section 16, Article I section 21 of the Idaho Constitution.

2. Kootenai County Idaho is a municipal government formed under the laws of Idaho and pursuant to federal and state law and the US and Idaho Constitution and the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973 (504) must ensure that all it's facilities are accessible to the public and to those of the public who are disabled and that disabled person's have access to said facilities accompanied by a service animal if so desired by a disabled person. Kootenai County was required to undergo self evaluations pursuant to the ADA and 504 to ensure no statute, ordinance, custom or policy was discriminatory to disabled persons. Kootenai County is further obligated to not have any contracts with entities public or private who discriminate against disabled persons and to swear in documents when receiving federal aid that they are in compliance with the ADA and 504. Kootenai County is required to have an ADA and 504 compliance officer and an ADA and 504 grievance procedure.

3. The Watson Agency is an Idaho Corporation in good standing, John Weick is the president and Julie Weick is the CEO. They own or control a security company that acts as the agent of Kootenai County for purposes of courthouse security and general building security. Upon information and belief they may be required to have a 504 and an ADA

2

compliance officer. They have a duty to ensure their employees, who act as agents for Kootenai County observe and not violate the rights of persons and disabled persons pursuant to The Americans with Disabilities Act, The Rehabilitation Act of 1973 section 504 and Idaho state law or to violate any rights under the Idaho and US Constitutions.

4. Rick Currie, Gus Johnson and Katie Brody are duly elected officials who serve as county commissioners and have the duty to pass ordinances, approve contracts and ensure the county adheres to the provisions of The Americans with Disabilities Act, The Rehabilitation Act of 1973 section 504 and Idaho state law and to ensure disabled persons are not subjected to discriminatory practices or policies. Richard Panabaker is a former county commissioner in office when these allegations arose.

American with Disabilities Act 42 U.S.C. and implementing regulations for the deprivation, under color of statute, of their federally protected Civil Rights, as guaranteed to them by the 1st, 4th, 5th, & 14th Amendments to the United States Constitution and by 42 U.S.C. § 1983, and as well by the Constitution and the laws and statutes of the State of Idaho Plaintiffs allege that the Defendant's intentionally inflicted physical assault and battery, physical and emotional distress, upon Plaintiff Randall Tetzner and Baby Doe one and that plaintiff Randall Tetzner was subjected to false arrest, denied the ability to enter a County Government building with a service animal, denied the ability to view public records by the defendant, and was harassed, intimidated, coerced and otherwise harmed for advocating for a disable person(s).

The **ADA** is divided into four titles: Title I prohibits discrimination in employment, Title II prohibits discrimination by state and local governments and Title III prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be altered in compliance with the Americans with Disabilities Accessibility Guidelines for buildings and facilities (ADAAG). [28 C.F.R. Pt. 36, App. A, p.567, Revised July 1, 2002]. Title IV contains the **ADA's** miscellaneous provisions.

**II**

3

## JURISDICTION AND VENUE

5. Plaintiff claims Federal jurisdiction pursuant to Article III § 2, which extends the jurisdiction to cases arising under the U.S. Constitution, this being an Action authorized by law to redress the deprivation, under color of state law, and county or municipal law, statutes, customs, and usage of a right, privilege, and immunity secured to the Plaintiff at all times by the 1st, 4th, 5th & 14th Amendments to the United States Constitution. Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, by the Defendants under color of Law, in their capacity as employees or agents of Kootenai County, Idaho. Accordingly, this Court has jurisdiction pursuant to 28 U.S. Code § 1331 and 1343. This Court has authority to hear this case pursuant to 42 U.S.C. §1983, §1985(3), and 1988.

6. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and has authority to determine the Plaintiffs' claims under state law pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367

7. This Court also has jurisdiction over this action under 42 U.S.C. §12133, of the Americans with Disabilities Act, which incorporates the provisions of 29 U.S.C. §794a, for violations of Title II of the Americans with Disabilities Act, and under the Americans with Disabilities Act generally.

8. TITLE V of the Americans With Disabilities Act. SEC. 503. PROHIBITION AGAINST RETALIATION AND COERCION. 42 USC 12203

9. Venue in this District is proper under 28 U.S.C. §1391 and 42 U.S.C. §2000e-5(f) in that the acts of discrimination have taken place in Kootenai County, Idaho.

## III
## STATEMENT OF THE PARTIES

**Plaintiffs**

10. Plaintiff Randall Tetzner at all times relevant is a citizen of the United States and Idaho and is a disabled person.

11. Baby Doe one at all times relevant was a citizen of the United States and Idaho and is the child of Randall Tetzner and was approximately 2 years old when the allegations occurred and is also a disabled person.

4

**Defendants,**

12. Kootenai County is a municipal form of government specifically a county government

13. Rick Currie, Gus Johnson and Katie Brody are current members of the Kootenai County Commission The members of the Commission are charged with assuring that all laws under IDEA, 504, ADA, state law, precedent law and administrative code are followed and to ensure all polices whether written or not, are nondiscriminatory, and are sued in their official capacities and their individual capacities per ex-Parte Young.

14. Richard Panabaker is a former Kootenai County Commissioner and was charged with assuring that all laws under IDEA, 504, ADA, state law, precedent law and administrative code are followed and to ensure all polices whether written or not, are nondiscriminatory and is sued in his official capacity and his individual capacity per ex-Parte Young.

15. Cheri Bates is the former director of personnel and was charged with assuring that all laws under IDEA, 504, ADA, state law, precedent law and administrative code are followed and to ensure all polices whether written or not, are nondiscriminatory and to fairly investigate ADA and 504 grievances and is sued in her official capacity and her individual capacity per ex-Parte Young.

16. Erica Ellingson a.k.a. Erica Grubbs is the Kootenai County attorney and charged with assuring that all laws under IDEA, 504, ADA, state law, precedent law and administrative code are  followed and to ensure all polices whether written or not, are nondiscriminatory and is sued in her official capacity and her individual capacity per ex-Parte Young.

17. Watson Agency, Inc.. is an Idaho Corporation and is sued in their official and individual capacity.

18. John Weick is the president of Watson Agency, Inc.and an agent of Kootenai County. and is charged with assuring that all laws under IDEA, 504, ADA, state law, precedent law and administrative code are followed and to ensure all polices whether written or not,

are nondiscriminatory and to ensure his staff does not practice any discriminatory acts. Is sued in his official capacity and his individual capacity per ex-Parte Young.

19. Julie Weick is the CEO of Watson Agency, Inc. and an agent of Kootenai County and is charged with assuring that all laws under IDEA, 504, ADA, state law, precedent law and administrative code are followed and to ensure all polices whether written or not, are nondiscriminatory and to ensure her staff does not practice any discriminatory acts and. is sued in her official capacity and her individual capacity per ex-Parte Young.

20. Mike Bragdon a.k.a Mike Brag a.k.a. John Doe number one is employed by Watson Agency, Inc. and is obligated to not practice acts of discrimination or violate a person's civil rights while acting as an agent of Kootenai County and is an agent of Kootenai County and is sued in his official capacity and his individual capacity per ex-Parte Young.

21. John Does 2 thru 50 are defendants not yet identified and are sued in their official capacity and their individual capacity per ex-Parte Young. and they are obligated to not practice acts of discrimination or violate a person's civil rights while acting as an agent or employee of Kootenai County.

## IV

## STATEMENT OF THE FACTS

22. On or About 12-29-06 plaintiff Randall Tetzner was enjoying free access to government records at the Kootenai County Administration building located at 451 Government Way, Coeur d 'Alene, Idaho 83816.

23. Plaintiff was unable to finish his research prior to the closing of the building and was required to return on 12-30-04 and bring his 2 year old disabled child with him. Said child has a service animal pursuant to the Americans with Disabilities Act.

24. Upon information and belief the county at that time had a strict no dog's policy and would not allow dogs including service animals onto county property.

25. The plaintiff has encountered numerous acts of discrimination concerning their service animal and felt it safer to play dumb and seek permission from the county to bring his service animal to avoid any confrontation while his minor child was present.

26. The plaintiff asked a county employee who the ADA Compliance officer was so he could bring his service animal.

27. The employee was unaware who that was and made some telephone calls while the plaintiff returned to his research.

28. A few minutes later Defendant Erica Ellingson appear with 3-4 security guards one identified as Mike Bragdon or John Doe number one and two or three other John Does.

29. One John Doe security officer blocked the doorway to the exit in the room plaintiff was in and would not allow him to leave, this restriction of the ability to freely move about society by a person of authority or presumed authority constituted a false arrest.

30. Plaintiff made his request to bring his service animal, defendant Ellingson stated "you don't look disabled enough to have a service animal"

31. Plaintiff responded that he was amazed at the rapidity that his civil rights were violated by no less an attorney for the defendant county.

32. Plaintiff asserted his rights under the US and Idaho Constitution, The ADA and 504. Plaintiff specifically warned defendant Elligson about the provision of the ADA that prohibits intimidation and harassment and coercion while advocating for a disabled person.

33. Defendant Ellignson then stated I could bring our service animal as long as it behaved. She then asked me my name and I chose not to give it.

34. Plaintiff paid for some photocopies by check, said check was seized without due process of law, upon information and belief, to conduct a background investigation on the plaintiff for merely asserting his civil rights.

35. Defendant Mike Bragdon was observed walking down the hall to the information desk shouting "His name is Tetzner!"

36. Plaintiff left and went home and called County Commissioner Defendant Richard Panabaker who admitted to the no dogs policy but assured the plaintiff he would not be harassed and to bring his service animal.

37. On or about 12-30-06 plaintiff returned to the Kootenai County administration building with his child bay doe one and a service animal, a small dog, said dog purchased with the knowledge and approval of Social Security and with Social Security funds.

38. Due to the abrasive and discriminatory conduct exhibited by defendants the plaintiff was going to bring a tape recorder to tape any conversations he was a party to, but was unable to find his and brought a video camera instead.

7

39. Upon entering the building plaintiff turned on the camera and overheard a county employee call on a telephone and state "He's here". Plaintiff inquired what was happening and requested the ADA compliance officer.

40. A few minutes later defendant Mike Bragdon walked into the building and had a look of anger on his face, he got a tape recorder and turned it on and approached the plaintiff in a threatening manner that made plaintiff fear for his safety.

41. Defendant Bragdon yelled at the plaintiff to turn of his video camera, the plaintiff refused and defendant Bragdon began to strike the plaintiff in the face numerous times causing an eye injury. Said assault and battery was done under color of law.

42. During this assault and battery the plaintiff can clearly be seen to be retreating, plaintiff did not defend himself or otherwise touch or harm defendant Bragdon.

43. Baby Doe one was battered by the actions of defendant Bragdon and began to cry.

44. Plaintiff was only able to stop the assault by retreating to an elevator and stated "I'm leaving" to which defendant Bragdon stated "good".

45. Plaintiff contacted county commissioner Rick Currie who stated the plaintiff deserved what he got for bringing a dog into the building and that the plaintiff per his law enforcement sources was an unsavory character or words to that effect.

46. On 12-30-06 plaintiff called Defendant Ellingson within an hour of the attack, defendant Ellingson stated she had already investigated the matter and saw no wrongdoing on the counties part.

47. Plaintiff filed and ADA, 504 grievance to be investigated by defendant Cheri Bates. Bates invited the plaintiff to show her the video tape of the attack at a meeting but that a Kootenai County Deputy, a friend of hers would be their. Plaintiff argued that having an armed officer at a civil rights meeting was tantamount to harassment, intimidation, coercion and was unlawful pursuant to TITLE V of the Americans With Disabilities Act. SEC. 503. PROHIBITION AGAINST RETALIATION AND COERCION. 42 USC 12203.

48. Plaintiff contacted Kootenai County Sheriff Rocky Watson who was outraged and stated his deputies would not be utilized in that fashion and forbade any officer under his control from participating.

49. Defendant Bates then agreed to a meeting as long as plaintiff's disabled child's service coordinator was present.

8

50. On the date of the meeting for plaintiff to show his evidence he suffered an epileptic seizure that was witnessed by the service coordinator. Post Ictal plaintiff was disoriented and suffered mouth and head injuries and was bleeding and the service coordinator notified defendant Bates and the meeting was canceled.

51. The plaintiff requested a reasonable accommodation pursuant to the ADA and asked for a re-scheduling of the meeting. Defendant Bates refused.

52. When defendant Bates sent a copy of the completed grievance investigation it failed to mention the plaintiff was assaulted. The document was void of any real investigation and was what the Department of Justice Office of Civil Rights called a "boiler plated response that means nothing".

53. Pursuant to Gebser v. Lago Vista Independent School District, 524 U.S. at 286 (1998) and Davis v. Monroe County Board of Education, 526 U.S. at 640 (1999). Plaintiff wrote a letter outlining the acts of discrimination to the Kootenai County Commissioners, and sent a copy to the chairman defendant Panabaker and also another to the newly elected defendant commissioners and warned them if they ignored this issue it would create deliberate indifference. The defendant county commissioners ignored plaintiff's warning and were therefore deliberately indifferent to the violations of the plaintiff's civil rights.

54. Upon information and belief defendant Kootenai County still does not allow service animal in any government building and in fact at the 2006 Kootenai County Fair had signs up specifically barring dogs with no exceptions for service animals.

# VI

## CLAIMS FOR RELIEF

55. Defendants Kootenai County, Gus Johnson, Richard Panabaker, Katie Brodie and Rick Currie have been deliberately indifferent to the acts of

violence and discrimination directed towards the plaintiffs and did so while acting under color of law by failing to;

a. at any time or prior to employment or authorization to act as the Counties agents of Watson Agency and its employees to assign them duties whereby it was foreseeable that these agents would have contact with disabled people and service animals and failed to take reasonable steps to ensure these individuals where emotionally able and did not have a propensity towards violence or over-reaction to situations they were likely to encounter or to administer standard and well known tests to ascertain these agents personalities to insure they properly and peacefully interacted with disabled people and to ensure they knew the purpose and scope of the ADA and 504 and upon notice of dangerous propensities and negligent failure to act upon such notice or negligent action in response to such notice.

b. allow service animals to accompany disabled persons in County buildings or County Property

56. Defendants have violated the Idaho common law and the Idaho Constitution, including but not limited to, prima facie tort, negligence, gross negligence, malice, deliberate indifference.

57. Defendants Watson Agency and John and Julie Weick failed at any time or prior to hiring or authorization to act as the Counties agents to assign them duties whereby it was foreseeable that these agents would have contact with disabled people and service animals and failed to take reasonable steps to ensure these individuals where emotionally able and did not have a propensity towards violence or over-reaction to situations they were likely to encounter or to administer standard and well known tests to ascertain these agents personalities to insure they properly and peacefully interacted with disabled people and to ensure they knew the purpose and scope of the ADA

10

and 504 and upon notice of dangerous propensities and negligent failure to act upon such notice or negligent action in response to such notice.

b. allow service animals to accompany disabled persons in County buildings or County Property

58. Defendant Bragdon and John Does 2-50 violated plaintiffs rights under the under color of statute, of their federally protected Civil Rights, as guaranteed to them by the 1st, 4th, 5th, & 14th Amendments to the United States Constitution and by 42 U.S.C. § 1983 and under the Idaho Constitution.

59. Defendants Bates, Erikson violated plaintiffs rights under the under color of statute, of their federally protected Civil Rights, as guaranteed to them by the 1st, 4th, 5th, & 14th Amendments to the United States Constitution and by 42 U.S.C. § 1983 and under the Idaho Constitution.

## V

## RELIEF SOUGHT

Plaintiff prays for the following relief,

A. That the court takes jurisdiction over this cause

B. Declare that Defendants violated the rights of plaintiffs protected by the IDEA, 504, The ADA, U.S. Constitution, Idaho Constitution and Idaho statutes and Idaho common and tort law when they failed to honor his request to peacefully enter a government building with a service animal and pay the plaintiffs for economic loss.

C. That the court utilizes its discretion and appoints counsel for plaintiffs.

D. To declare the actions of defendants unconstitutional.

E. For injunctive relief against defendants.

F. To declare the 504 and ADA grievance procedure utilized by defendants unconstitutional and appoints a special master to oversee its proper operation.

G. Punitive damages jointly and severally against all defendants, if allowed by law, in an amount that will deter future like conduct and act as a warning to others.

H. Award compensatory damages jointly and severally in an amount deemed reasonable by the court.

I. To establish any new legal standards or modify existing ones if needed.

11

J. Grant such other and further relief as from the facts appear to be reasonable.

Randall Tetzner Plaintiff Pro Se

1318 E. Locust Ave.

Coeur d'Alene, ID. 83814

(208)667-9090

12