## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RANDALL TETZNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 07-35-N-EJL-LMB |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| KOOTENAI COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court is Plaintiff's Motion for Leave to Proceed In Forma

Pauperis (Docket No. 1). The District Court has referred this action to the undersigned for all

pretrial matters. (Docket No. 5). Accordingly, having carefully reviewed the record, and

otherwise being fully advised, the following Report and Recommendation is entered pursuant to

28 U.S.C. § 636(b).

### I.

### BACKGROUND

On January 19, 2007, Plaintiff Randall Tetzner on behalf of himself and his minor child,

Baby Doe One, filed a Complaint (Docket No. 2). Plaintiff alleges, in part, that he was harassed

when he asked permission to bring a service animal to the Kootenai County Administration

building and later assaulted when he returned to the Kootenai County Administration building

with the service animal, his minor child, and a video camera. *Complaint*, pp. 6-8 (Docket No. 2).

The alleged incidents took place on December 29 and 30, 2006. *Id.*

REPORT AND RECOMMENDATION - 1

Based on these and other allegations, Plaintiff brought this action against Kootenai County, one former and three current Kootenai County Commissioners, the Kootenai County director of personnel, a Kootenai County attorney, and the Watson Agency, Inc, its officers and agents, who were charged with security at the Kootenai County Administration building. *Id.* Plaintiff's claims include the deprivation of his constitutional and statutory rights, as well as tort actions of assault and battery. *Id.* at 9-11.   Plaintiff has requested that he be allowed to proceed with these claims without prepayment of fees. (Docket No. 1).

## II.

## REPORT

The Court may permit a plaintiff who is unable to pay the costs of suit to proceed *in forma pauperis*, meaning the Plaintiff may commence a civil suit without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). The Plaintiff must submit via affidavit statements: (1) of all assets he possesses, and (2) that he is unable to pay such fees or give security. *Id.* The required affidavit must also state the nature of the action and the affiant's belief that he is entitled to redress. *Id.*

"When a claim of poverty is made under section 1915, it is proper and indeed essential for the supporting affidavit to state facts as to the affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). The policy for allowing plaintiffs to proceed *in forma pauperis* is to protect litigants from abandoning "what may be a meritorious claim in order to spare himself complete destitution." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340, 69 S.Ct. 85, 93 L.Ed. 43 (1948). Thus, the Supreme Court has held "an

REPORT AND RECOMMENDATION - 2

affidavit [to proceed *in forma pauperis* ] is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents' with the necessities of life." *Id*. at 339.

Although Plaintiff did not file a document titled "affidavit" in support of his request to proceed without prepayment of fees, he filed an Application for In Forma Pauperis Status that includes a declaration, "under penalty of perjury," that the statements are "true and correct." *Application for in Forma Pauperis Status*, p. 2 (Docket No. 1).  Under these circumstances, and considering that pro se pleadings must be liberally construed, *see Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), the Court will consider the financial information contained in Plaintiff's sworn statement.

However, it is recommended that the District Court deny Plaintiff's application for leave to proceed in forma pauperis, for the following reasons.  First, Plaintiff has not stated, as required by 28 U.S.C. § 1915(a)(1), that "because of [his] poverty, [he] is unable to pay the costs of said proceeding or give security therefore, and that [he] believe[s] that [he is] entitled to relief."

Second, Plaintiff's statements regarding his income and assets are not sufficiently clear. Plaintiff describes two sources of income: "wife income, childs SSI."  *Application for in Forma Pauperis Status,* p. 1 (Docket No. 1).  However, in describing the amounts attributed to such income, Plaintiff describes social security income ("SSI") as a range ($489-603) for each of three children and appears to state that his wife's total annual income is $28,548 or $2,379 per month.  *Id.* at 2.  Plaintiff does not provide a precise total of the family's income from all sources.  In addition, Plaintiff asserts that the family has two assets: a house and a car, but does

REPORT AND RECOMMENDATION - 3

not provide information regarding the value of such assets, asserting only that the house and car "belong solely to [his] spouse." *Id.* These statements provide insufficient basis for the Court to determine Plaintiff's income eligibility.

Third, although the information provided is not sufficiently precise, the Court should deny Plaintiff's application because Plaintiff's wife's income alone would place Plaintiff's family of five above the poverty threshold. In determining what level of income constitutes poverty for the purpose of 28 U.S.C. § 1915(a)(1), prior cases have used the poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a measure to be used in determining whether plaintiff's poverty to proceed *in forma pauperis. See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305 (11th Cir. 2004); *Fiebelkorn v. U.S.*, 77 Ct. Cl. 59, 62 (2007). According to HHS, the poverty level for 2007 for a family of five is $24,130 or $2,010.83 a month. Annual Update of the HHS Poverty Guidelines, 72 Fed.Reg. 3147-48 (January 24, 2007).

Although Plaintiff does not provide a precise statement of household income, he asserts that his wife's annual income is $28,548 ($2,379 per month). *Application for in Forma Pauperis Status* at p. 2 (Docket No. 1). In addition, the family receives disability income for three children in an amount between $1,467 and $1,809 per month. *Id.* Therefore, it appears from the information provided that the family's household income is sufficiently above the HHS poverty guidelines, and the application to proceed *in forma pauperis* should be denied. *See also Simelton v. Xerox Corp.,* 172 F.3d 876 (9th Cir. 1999) (upholding district court's denial of motion to proceed *in forma pauperis* because plaintiff stated annual income above the poverty line with modest debts); *Theede v. Veterans Admin.*, 927 F.2d 610, 611 (9th Cir. 1991) (upholding district

REPORT AND RECOMMENDATION - 4

court's denial of motion to proceed *in forma pauperis* because plaintiff "disclosed a net household monthly income of $2,731").

## III.

## RECOMMENDATION

Based on the foregoing, it is recommended that the District Court deny without prejudice Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1), and allow Plaintiff to either pay the filing fee for this action or file a renewed motion to proceed in forma pauperis along with an affidavit that meets all the requirements of 28 U.S.C. § 1915(a)(1), within fourteen (14) days of the District Court's Order on this Report and Recommendation.

It is further recommended that, if Plaintiff does not file a renewed motion and affidavit conforming to § 1915(a)(1) within the fourteen-day period or pay the filing fee for this action within that same time period, this action be dismissed without further notice.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1.  If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.

DATED:  **September 13, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

REPORT AND RECOMMENDATION - 5