IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

RANDALL TETZNER,                    )
                                    )
               Plaintiff,           ) Case No. CV07-35-N-EJL
                                    )
vs.                                 )
                                    ) ORDER
KOOTENAI COUNTY, et al,             )
                                    )
               Defendants.          )
                                    )

Before the Court in the above-entitled matter is the Plaintiff's, Randall Tetzner, motion for reconsideration of the dismissal of this action and to accept the proposed pleadings. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

**Discussion**

On October 16, 2007, this Court adopted the report and recommendation denying Mr. Tetzner's motion to proceed in forma pauperis, ordered Mr. Tetzner to submit the full statutory filing fee on or before January 21, 2008, and gave notice that failure to pay the fee may result in dismissal of the case without further notice. (Dkt. No. 13). As of January 24, 2008 the filing fee had not been paid and an order and judgement were entered dismissing the case. (Dkt. Nos. 14, 15). On January 30, 2008 Mr. Tetzner filed the instant motion and supporting affidavit. The Court has reviewed the same and finds as follows.

A motion to reconsider entry of a judgment and/or dismiss entry of a judgment is generally raised pursuant to Federal Rule of Civil Procedure 60, which states in relevant part:

ORDER - Page 1
08ORDERS\Tetzner_reconsider.WPD

> On motion and upon such terms as are just, the court <u>may</u> relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect... or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis added). Mr. Tetzner asserts his delay in submitting full payment in this case is a result of his medical conditions and financial circumstances. In addition, Mr. Tetzner maintains that justice requires that this case be heard regardless of the failure to comply with the Court's deadlines.

Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments. <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691 (9th Cir. 2001) (citing <u>Pena v. Seguros La Comercial</u>, 770 F.2d 811, 814 (9th Cir. 1985)). The rule does so by limiting both the reasons for which relief from a judgment may be granted, and the time in which a party may seek relief, while at the same time providing district courts with discretion within those limits to undo the finality of judgments in order to reach the merits of questions that have been decided wrongly or not at all. <u>Id.</u>

The Supreme Court discussed the concept of "excusable neglect" generally in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993). In <u>Pioneer</u> the Supreme Court determined "excusable neglect" is an equitable concept, not necessarily reserved for extraordinary circumstances, and takes account of factors such as "prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d at 696 (citing <u>Pioneer</u>, 507 U.S. at 395; <u>Briones v. Riviera Hotel & Casino</u>, 116 F.3d 379, 381 (9th Cir. 1997) (holding that the <u>Pioneer Investment</u> "excusable neglect" standard applies to Rule 60(b)(1)); cf. <u>Bateman v. United States Postal Service</u>, 231 F.3d 1220 (9th Cir. 2000) (applying <u>Pioneer Investment</u> standard to a Rule 60(b)(1) motion where judgment was entered for missing a filing deadline)).

Here, the Court afforded Mr. Tetzner a lengthy period of time in which to submit full payment, from October 16, 2007 until January 21, 2008. During that time Mr. Tetzner made two payments of $50.00 each which demonstrates a effort to comply with the January 21, 2008 deadline.

ORDER - Page 2
08ORDERS\Tetzner_reconsider.WPD

However, given the extended length of time in which Mr. Tetzner was provided to make full payments the Court finds the limited amount of the two payments and the fact that no request for additional time was made prior to the expiration of the January 21, 2008 deadline weigh against granting Mr. Tetzner's motion to reconsider.  The Court's order was clear on the deadline and that failure to comply with that deadline may result in dismissal of the action.  The instant motion provides no basis for reconsidering or reversing the prior order and entry of judgment.

Rule 60 also provides a catch all provision to allow relief for "any other reason justifying relief from the operation of the judgement." Fed. Rule Civ. Pro. 60(b)(6).  We have held that a party merits relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." Community Dental Services v. Tani, 282 F.3d 1164 (9th Cir. 2002) (citing Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam); see also Pioneer Investment Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993).  The party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.  Id., 282 F.3d at 1167 (citing United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)).  Clause 60(b)(6) is a "catch-all" clause that is read as being exclusive of the other grounds for relief listed in Rule 60.  Id. at n. 8 (citing Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986)).

Such extraordinary circumstances have not been shown here.  As stated above, the instant motion does not provide a basis upon which the Court should reconsider and/or reverse its prior order dismissing the action and entry of judgment.  Ultimately, the decision to grant relief from a judgment or order lies in the discretion of the district court.  In this case, the Court concludes that the submissions do not support the exercising of that discretion to reverse the dismissal and entry of judgment in this case.

ORDER - Page 3
08ORDERS\Tetzner_reconsider.WPD

## ORDER

**THEREFORE IT IS HEREBY ORDERED** that the Plaintiff's Motion for Reconsideration (Dkt. No. 16) is **DENIED**.

DATED:  **February 29, 2008**

Honorable Edward J. Lodge
U. S. District Judge

ORDER - Page 4
08ORDERS\Tetzner_reconsider.WPD