# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RANDALL TETZNER and BABY DOE, | ) | |
| | ) | Case No. CV 07-35-EJL-LMB |
| Plaintiffs, | ) | |
| | ) | **REPORT AND** |
| v. | ) | **RECOMMENDATION AND** |
| | ) | **ORDER** |
| KOOTENAI COUNTY et. al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court are three motions filed by Plaintiffs under seal and referred to Magistrate Judge Larry M. Boyle for review and recommendation:  (1) Motion and Suggestions to Keep Documents Filed Under Seal, Permanently Under Seal and Viewed in Camera Only Filed Pursuant to Local Rule 5.3, FRCP 5.2 and FRCP 26(c)(1) Under Protective Orders Filed Ex-Parte (Docket No. 19), (2) Motion and Suggestions for Rule 60(b) Relief Filed Under Seal and Ex-Parte (Docket No. 20), and (3) Motion With Affidavit To Proceed In Forma Pauperis (Docket No. 21).  Having reviewed the pending motions, considered the full record and otherwise being duly advised, the undersigned Magistrate Judge makes the following Report and Recommendation.

## I.  BACKGROUND

Plaintiff Randall Tetzner, acting *pro se*, filed this action on his own behalf and on behalf of his minor child on January 19, 2007.  (Docket No. 2).   Plaintiff alleges that on December 29 and 30, 2006, he was harassed when he asked permission to bring a service animal into the

**REPORT AND RECOMMENDATION - 1**

Kootenai County Administration building and then assaulted when he later returned to the

building with the service animal, his minor child and a video camera. He brings claims against

various government entities and employees for deprivation of his constitutional and statutory

rights, and for assault and battery.

Plaintiff filed a motion for *in forma pauperis* ("IFP") status which the Court denied by

Order of October 16, 2007. (Docket No. 13). By that same order, Plaintiff was given three

months, until January 21, 2008, to pay the full filing fee of $350.00.

Plaintiff made two $50.00 payments, but failed to pay the remaining $250.00 by the court

ordered deadline of January 21, 2008. On January 24, 2008, this action was dismissed without

prejudice and judgment entered against Plaintiff accordingly. (Docket Nos. 14 & 15). The clerk

was instructed to reimburse Plaintiff the $100 partial filing fee, which was done the following

day.

Plaintiff filed a motion to reconsider the dismissal and enclosed $250.00, which would

have been the outstanding balance he owed on the filing fee. The Court returned the $250.00

check to Plaintiff on January 31, 2008. The Court denied the motion to reconsider by Order

dated February 29, 2008. (Docket No. 18). Almost a full year later, on January 23, 2009,

Plaintiff filed the current pending motions. The Court addresses each motion separately below.

## II.  ANALYSIS

### A.    Motion and Suggestions for Rule 60(b) Relief Filed under Seal and Ex-Parte

In his *Motion and Suggestion for Rule 60(b) Relief Filed Under Seal and Ex-Parte*,

Plaintiff argues for relief from the order and judgment dismissing this action, under Fed. R. Civ.

P. 60(b). The rule, in relevant part, allows a court to relieve a party from a final judgment, order

**REPORT AND RECOMMENDATION - 2**

or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is
> no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Any motion made under this rule must be made "within a reasonable

time."  Fed. R. Civ. P. 60(c).  A motion brought based on ground (1), (2) or (3) must be made no

more than one year following judgment, order or date of proceeding.  *Id.*

Plaintiff argues that he is entitled to relief under ground (2) based on medical evidence

that was not previously available.  Plaintiff contends that eight months following the order of

dismissal and judgment, he was diagnosed with a previously unrecognized type of seizure

disorder.  He contends that the seizure disorder symptoms, though undiagnosed, were prevalent

during the year that his complaint was pending and impaired his ability to follow the Court's

prior payment schedule.  He contends that he is now receiving appropriate treatment for the

disorder.  He also contends that before, when his action was pending, he had a diagnosed seizure

disorder of a different type - grand mal - for which the then prescribed treatment was not

effective.  He is now taking a different,  more effective medication for this disorder as well.

The Court finds that Plaintiff has set forth sufficient basis for relief from the prior order

and  judgment dismissing his action for failure to pay the filing fee timely.  The court will set

aside the judgment and vacate the prior order of dismissal, and allow Plaintiff an additional 180

**REPORT AND RECOMMENDATION - 3**

days within which to pay his filing fee.  As discussed below, however, Plaintiff must pay the $350.00 filing fee in full.

**B.      Motion and Affidavit to Proceed In Forma Pauperis**

Plaintiff renews his request to proceed in forma pauperis and submits another affidavit in support of the request setting forth more detailed information of his financial condition.  Motions to proceed in forma pauperis are addressed to the sound discretion of the District Court.  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981), *cert. denied*, 455 U.S. 958 (1982).  Where the moving party fails to establish poverty, it is within the discretion of the court to deny the motion to proceed in forma pauperis.  *Id.*

In his Affidavit in support of the application, Plaintiff states that he is unable to pay the filing fee.  He declares that his household income includes the following: his $456.00/month Social Security disability payments, SSI payments to his two children in the amount of $402.41 and $470.81 per month and to him in the amount of $446.50, additional disability payments to his three children in the total amount of $191, and his wife's salary, based on her 2008 W-2, of $25,342.96.  The total annual household income is therefore approximately $48,935.  Plaintiff declares that he and his wife own their home which is valued at $110,000, but for which they owe $114,000, a Ford Escape valued at about $5,000, for which they owe $8,000, and another vehicle worth $500.00.

**REPORT AND RECOMMENDATION - 4**

Plaintiff declares that the monthly expenses for the household, including his $350 in child support for two children that appear to be outside of the home, is $2,523.00, which amounts to a total of $30,276.00 in annual expenses.[1]

The Court finds that Plaintiff does not meet the poverty level criteria to proceed in forma pauperis.  Although he has not worked, his current income level is not based on his ability to work.  In fact, it is based in large part on his inability to work.  The current household income is nearly double the poverty level for a household of five, and exceeds household expenses by approximately $18,000.  Accordingly, the Court should deny  Plaintiff's request to proceed in forma pauperis.  However, because Plaintiff declares that he has no cash on hand, and that his household is delinquent in the payments for several expenses, undersigned recommends that the Court allow Plaintiff an additional 180 days within which to pay the filing fee in full.

**C.     Motion and Suggestions to Keep Documents Filed under Seal, Permanently Under Seal and Viewed in Camera Only Filed Pursuant to Local Rule 5.3 FRCP 5.2 and FRCP 26(C)(1) Under Protective Orders Filed Ex-Parte**

Plaintiff requests that the documents he filed under seal be kept under seal, not be converted to an electronic format or made available to the public through the ECF filing system because they contain protected financial, personal and medical information.

The Court previously granted Plaintiff's motion to seal (Docket No. 8) by its Order dated October 16, 2007.  (Docket No. 13).  Plaintiff filed various documents relating to his efforts to obtain IFP status, including the three pending motions under seal.  As such, though the documents are scanned into the ECF filing system, they are not viewable from any person

---

[1] He declares that he also has a $6,000 outstanding student loan, but does not state the monthly payment amount. This minimal payment amount would not impact the Court's analysis.

**REPORT AND RECOMMENDATION - 5**

outside of the court including the other parties.  Plaintiff, in fact, must personally serve the

motions and/or documents filed under seal upon the other parties to the litigation where

appropriate,

whereas service is accomplished automatically when through ECF when the document is not

filed under seal.  The documents remain filed under seal unless or until a motion to unseal the

documents is made and granted by the Court.

Accordingly, the Court grants Plaintiff's motion in part and denies it in part.  It grants the

motion with respect to Plaintiff's request that the documents filed under seal be kept under seal,

as this is the procedural practice for sealed documents; it denies Plaintiff's request not to scan

the documents into the ECF system because the Court's ECF filing system is appropriately

password protected and otherwise secured.

**D.      Plaintiff Baby Doe**

Plaintiff Randall Tetzner filed this action, pro se, on his behalf and on behalf of his minor

child, Baby Doe One.  Recently the Ninth Circuit Court of Appeals has held that a parent or

guardian cannot bring an action on behalf of a minor child without retaining a lawyer.  *See,*

*Johns v. County of San Diego,* 114 F.3d 874 (9th Cir. 1998).  This decision relied on the fact that

all other circuit courts in the United States which have addressed this issue have held that a

guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining

a lawyer. *See, Osei-Afriyie v. Medical College*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Cheung v.*

*Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61-62 (2d Cir. 1990); *Meeker v. Kercher*,

782 F.2d 153, 154 (10th Cir. 1986) (*per curiam*).   The Third Circuit Court of Appeals in *Osei-*

*Afriyie*

**REPORT AND RECOMMENDATION - 6**

stated the following with regard to this issue:

> [A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.  The choice to appear pro se is not a true choice for minors who under state law, see Fed. R. Civ. P. 1(b), cannot determine their own legal actions.

*Osei-Afriyie*, 937 F.2d at 882-83 (quoting *Cheung*, 906 F.2d at 61).

In this case the Court finds that Baby Does, listed as a Plaintiff and minor on the instant Complaint, must be represented by counsel.  If counsel is not retained within thirty (30) days of this Order, the complaint will be dismissed without prejudice as to Plaintiff Baby Doe.

## III.  ORDER

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's *Motion and Suggestions to Keep Documents Filed under Seal, Permanently Under Seal and Viewed in Camera Only* (Docket No. 19) is GRANTED in part and DENIED in part; the Motion is GRANTED with respect to Plaintiff's request that the documents filed under seal be kept under seal; it is DENIED with respect to Plaintiff's request not to scan the documents into the Court's ECF system.

## IV.  RECOMMENDATION

Based upon the foregoing, this Magistrate Judge hereby recommends that the District Court enter an order consistent with the following:

(1) that Plaintiff's Motion and Suggestions for Rule 60(b) Relief Filed Under Seal and Ex-Parte (Docket no. 20) be GRANTED;

(2) that the Order and Judgment dismissing this action (Docket Nos. 14 and 15) be VACATED and SET ASIDE;

**REPORT AND RECOMMENDATION - 7**

(3) that Plaintiff be granted 180 days from the date of any Order adopting this Report and Recommendation within which to file the full filing fee of $350.00;

(4) that Plaintiff's Motion With Affidavit To Proceed In Forma Pauperis (Docket No. 21) be DENIED;

(5) that Plaintiff Baby Doe be dismissed from this case if no attorney appears on his or her behalf within 30 days of the Order adopting this Report and Recommendation; and

(6) that Plaintiff be ordered to serve the defendants in this lawsuit within 60 days of any Order adopting this Report and Recommendation.



DATED:  **September 2, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 8**