**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| RANDALL TETZNER and BABY DOE, ) | |
| ) | Case No. CV 07-35-EJL-LMB |
| Plaintiffs, ) | |
| ) | **REPORT AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| KOOTENAI COUNTY et. al, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Currently pending before the Court is a third motion for IFP status and a motion to appoint counsel for Plaintiff Randall Tetzner and counsel for Baby Doe. (Docket No 25). Having reviewed the pending motions, considered the full record and otherwise being duly advised, the undersigned Magistrate Judge makes the following Report and Recommendation.

**I. BACKGROUND**

Plaintiff Randall Tetzner, appearing *pro se*, filed this action for himself and on behalf of his minor child on January 19, 2007. (Docket No. 2). Plaintiff alleges that on December 29 and 30, 2006, he was harassed when he asked permission to bring a service animal into the Kootenai County Administration building and thereafter assaulted when he later returned to the building with the service animal, his minor child and a video camera. In this action, he brings claims against various government entities and employees for deprivation of his constitutional and statutory rights, and for assault and battery.

**REPORT AND RECOMMENDATION - 1**

Plaintiff filed a motion for *in forma pauperis* ("IFP") status which the Court denied by Order of October 16, 2007.  (Docket No. 13).  By that same order, Plaintiff  was given three months, until January 21, 2008, to pay the full filing fee of $350.00.

Plaintiff made two $50.00 payments, but failed to pay the remaining $250.00 by the court ordered deadline of January 21, 2008.  On January 24, 2008, this action was dismissed without prejudice and judgment entered against Plaintiff.  (Docket Nos. 14 & 15).  The clerk was instructed to reimburse Plaintiff the $100 partial filing fee paid, which was done the following day.

Plaintiff filed a motion to reconsider the dismissal and enclosed a payment of $250.00, which would have been the outstanding balance he owed on the filing fee.  The Court returned the $250.00 check to Plaintiff on January 31, 2008.  The Court denied the motion to reconsider by Order dated February 29, 2008.  (Docket No. 18).  Nearly a year later, on January 23, 2009, Plaintiff filed three motions under seal including (1) Motion and Suggestions to Keep Documents Filed Under Seal, Permanently Under Seal and Viewed in Camera Only Filed Pursuant to Local Rule 5.3, FRCP 5.2 and FRCP 26(c)(1) Under Protective Orders Filed Ex-Parte (Docket No. 19), (2) Motion and Suggestions for Rule 60(b) Relief Filed Under Seal and Ex-Parte (Docket No. 20), and (3) Motion With Affidavit To Proceed In Forma Pauperis (Docket No. 21).

Upon review, this Court recommended:

(1) that Plaintiff's Motion and Suggestions for Rule 60(b) Relief Filed Under Seal and Ex-Parte (Docket no. 20) be GRANTED;

(2) that the Order and Judgment dismissing this action (Docket Nos. 14 and 15) be

**REPORT AND RECOMMENDATION - 2**

VACATED and SET ASIDE;

(3) that Plaintiff be granted 180 days from the date of any Order adopting this Report and Recommendation within which to file the full filing fee of $350.00;

(4) that Plaintiff's Motion With Affidavit To Proceed In Forma Pauperis (Docket No. 21) be DENIED;

(5) that Plaintiff Baby Doe be dismissed from this case if no attorney appears on his or her behalf within 30 days of the Order adopting this Report and Recommendation; and

(6) that Plaintiff be ordered to serve the defendants in this lawsuit within 60 days of any Order adopting this Report and Recommendation.

(Docket Nos. 23 & 24.)

Presiding Judge Edward J. Lodge adopted this Court's Report and Recommendations by an order dated September 22, 2009.  (Docket No. 24).  Accordingly, Plaintiff Tetzner had until December 22, 2009 within which to serve his Complaint upon the defendants.

No counsel made appearance on behalf of Baby Doe within the 30 day deadline.  Baby Doe was terminated from this action as a Plaintiff on October 22, 2009.

On October 2, 2009, Plaintiff Tetzner filed the instant motion. (Docket No. 25), and also apparently gave notice to the clerk of this Court  on September 29, 2009 of his new address in a Kootenai County correctional facility.  *See* Docket No. 25, p. 1.  In his current motion, Plaintiff reurges his IFP status based on the fact that he had been incarcerated and was no longer receiving income, and again requests counsel be appointed for him on his own behalf and as the representative of his minor child, Plaintiff Baby Doe.

**REPORT AND RECOMMENDATION - 3**

## II.  MOTION FOR IFP STATUS

Plaintiff renews his request to proceed in forma pauperis for the third time.  Motions to proceed in forma pauperis are addressed to the sound discretion of the District Court.  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981), *cert. denied*, 455 U.S. 958 (1982).  Where the moving party fails to establish poverty, it is within the discretion of the court to deny the motion to proceed in forma pauperis.  *Id.*

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor."  28 U.S.C. § 1915(a)(1).  In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required.  *Id.*  An affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependants "with necessities of life."  *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948).  The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

In conjunction with his last IFP status request, which this Court denied, Plaintiff submitted an affidavit stating that his household income included the following: his $456.00/month Social Security disability payments, SSI payments to his two children in the amount of $402.41 and $470.81 per month and to him in the amount of $446.50, additional disability payments to his three children in the total amount of $191, and his wife's salary, based

**REPORT AND RECOMMENDATION - 4**

on her 2008 W-2, of $25,342.96.  The total annual household income was therefore approximately $48,935.  Plaintiff further declared that he and his wife owned their home which was valued at $110,000, but that they owed $114,000 on the loan, a Ford Escape valued at about $5,000, for which they owed $8,000, and another vehicle worth $500. (Docket No. 21).

 Plaintiff declared that the monthly expenses for the household, including his $350 in child support for two children that appear to be living outside of the home, was $2,523.00, which amounts to a total of $30,276.00 in annual expenses.  *Id.*  Accordingly, Plaintiff's net income was determined to be over $20,000 a year and well beyond in forma pauperis status.  (Docket Nos. 22 - 24).

In his latest request filed October 2, 2009, Plaintiff indicated a change of circumstances including that he had been incarcerated and lost certain financial benefits.  He also states that he had previously failed to state an accurate picture of his financial condition by omission of certain expenses relating to his children, fuel, internet and phone services, high interest loans, car loans and his wife's benefits.  Plaintiff states that he has no money and attached a copy of his inmate cash account file showing a deficit of $1.50.

This Court is of the opinion that Plaintiff's latest IFP application is not an accurate statement of his current financial status.  The Court has reviewed the Idaho Department of Corrections inmate locator website and it appears that Plaintiff is no longer incarcerated. Further, the Court finds Plaintiff's letter outlining his financial circumstances insufficient as the correspondence is not an affidavit or declaration under penalty of perjury, and does not provide the Court with sufficient information upon which to make an IFP eligibility determination.

**REPORT AND RECOMMENDATION - 5**

Therefore, because Plaintiff has not stated facts showing his poverty or indigent status with particularity, definiteness, and certainty under oath, he should be required to provide additional financial information, including documentation regarding government aid received and child support owed, before the Court can determine whether he qualifies to proceed without prepayment of the filing fee.  Currently, the Court  recommends Plaintiff's motion be denied without prejudice and that an order be entered providing that Plaintiff's failure to provide a new application containing the detailed financial information under oath or penalty of perjury within fourteen (14) days of entry of such order will result in dismissal of his Complaint without prejudice.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also requests in his letter that the Court appoint counsel for both him and his minor child.

 Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Whether a court appoints counsel for indigent litigants is within the court's discretion.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "extraordinary cases."  *Id.*  at 1330. To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990).  Neither factor is dispositive, and both must be evaluated together.  *Id*.

**REPORT AND RECOMMENDATION - 6**

Applying the factors to Plaintiff's request for appointment for his own case, the Court concludes that it is too early in the litigation to determine the likelihood of his success on the merits. As Plaintiff has not been granted IFP status or submitted the requisite filing, it is still uncertain whether or not Plaintiff is proceeding with his action and if so, whether he will be granted IFP status. Plaintiff clearly did not qualify for IFP status based on his earlier application and he will need to clearly show a change in his circumstances that would warrant the Court's reconsideration of this request.

Moreover, based upon a review of his Complaint, the issues presented do not appear particularly complex at this stage of the litigation or that Plaintiff is unable to adequately articulate his claims. Plaintiff's Complaint concerns one incident or a series of incidents over a two-day time span in which he was denied access to a government owned building. Accordingly, Plaintiff's request for appointment of counsel is denied without prejudice.

For the same reasons, the Court also recommends denying Plaintiff's request for pro bono counsel to be appointed for him as the representative of his minor child.

Plaintiff is advised that the federal courts have no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney's fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. For these reasons, Plaintiff should continue to attempt to procure his own counsel on a contingency or other basis, if at all possible.

**REPORT AND RECOMMENDATION - 7**

Further, Plaintiff should present the factual basis of his claims to the Court. The Court is required to liberally construe the pleadings of pro se litigants so that justice can be accomplished. If Plaintiff no longer wishes to pursue his claims, he may file a notice of voluntary dismissal.

### III.  RECOMMENDATION

Based upon the foregoing, it is recommended that the District Court enter an order consistent with the following:

(1) that Plaintiff's Motion for IFP Status and for appointment of counsel (Docket No. 25) be DENIED without prejudice;

(2) that Plaintiff be given fourteen (14) days from the date of any Order adopting this Report and Recommendation within which to file a new application for IFP status **in the form attached hereto** in which he should clearly state all of the sources of his income and expenses and how his prior circumstances upon which the Court denied IFP status have changed.

(3) and that Plaintiff be ordered to pay the full filing fee of $350.00 and to serve the defendants in this lawsuit within sixty (60) days of any Order adopting this Report and Recommendation.



DATED:  **June 9, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 8**

_____

Full Name

_____

_____

_____

Complete Mailing Address

Plaintiff/ Petitioner

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| _____, <br><br> Plaintiff/ Petitioner, <br><br> vs. <br><br> _____ <br><br> _____ <br><br> _____ <br><br> _____ <br><br> Defendant(s)/ Respondent(s) | Case No.  _____ <br><br><br> **APPLICATION FOR IN FORMA PAUPERIS STATUS** <br>(Non-Prisoner) |

The undersigned seeks in forma pauperis status pursuant to 28 U.S.C.

§ 1915.  In forma pauperis status allows a litigant to proceed with filing a

**IFP NON-PRISONER CIVIL- 1**

Complaint or Petition without the prepayment of fees.  This Application is intended to take the place of an in forma pauperis motion and affidavit and to provide the information necessary for the Court to make an informed decision regarding the Applicant's eligibility for in forma pauperis status pursuant to 28 U.S.C. § 1915.

1.      Nature of the action.  Please provide a brief description of your case or claims:

_____

_____

_____

_____

_____

_____

2.      Are you employed?  Yes _____.  No _____.  If employed, please state your job title and the total amount of wages you make per month.

_____            $_____ per
month.

Job Title

3.      Within the past twelve (12) months, have you  received any money from

**IFP NON-PRISONER CIVIL- 2**

any of the

following sources?

     a.     Business, or other form of self-employment?     Yes ___ No ___

     b.     Rent payments, interest, or dividends?     Yes ___ No ___

     c.     Pensions, annuities, or life insurance payments? Yes ___ No ___

     d.     Gifts or inheritances?     Yes ___ No

     ___

     e.     Government assistance?     Yes ___ No ___
               (Includes Social Security, disability, food stamps)

     f.     Any other sources of income*?     Yes ___ No ___

*If you are married or otherwise living in a joint household, include all sources of income that go toward paying your individual or joint expenses.

Please identify any and all sources of income and state the amount received

from each during the past twelve (12)
months._____

_____
_____

_____
_____

_____
_____

_____
_____

4.     Do you have any money in any bank accounts, including checking and/ or

**IFP NON-PRISONER CIVIL- 3**

savings accounts?  Yes ___ No ___.  If yes, please state the total amount.

$_____.

5.    Do you own or have any interest in any real estate, stocks, bonds, notes,

automobiles, or other valuable property (excluding household furnishings

and clothing)  Yes ___ No ___.

If yes, please describe the property and state its approximate value.

_____

_____

____

_____

____

6.    Please list any persons who are dependent upon your support, state your

relationship to those persons, and indicate how much you do, or are

obligated to contribute, toward their support.

_____

___

_____

**IFP NON-PRISONER CIVIL- 4**

_____

_____

_____

_____

_____

7.    Please list any other significant debts or other financial obligations that

impact you ability to pay the fees associated with bringing this lawsuit

_____

_____

_____

_____

_____

_____

_____

**IFP NON-PRISONER CIVIL- 4**

_____

_____

I declare under penalty of perjury that I believe I am entitled to redress and that I am unable to pay the relevant fees or give security therefor and still be able to provide myself and my dependents (if any) with the necessities of life.  I further declare that the foregoing information is true and correct.

Executed on this ___ day of _____, 20____.

_____

Plaintiff/ Petitioner

Note: You do not need to send a copy of this document to the Defendant/ Respondent.  Notarization is not necessary because the Application is signed under penalty of perjury.

**IFP NON-PRISONER CIVIL- 4**