# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RANDALL TETZNER and BABY DOE, | ) | |
| | ) | Case No. CV 07-35-EJL-LMB |
| Plaintiffs, | ) | |
| | ) | **REPORT AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| KOOTENAI COUNTY et. al, | ) | |
| | **)** | |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court is a fourth motion for IFP status and a motion to appoint counsel for Plaintiff Randall Tetzner and counsel for Baby Doe.  (Docket No 28).  Having reviewed the pending motions, considered the full record and otherwise being duly advised, the undersigned issues the following Report and Recommendation.

## BACKGROUND

Plaintiff Randall Tetzner, appearing *pro se*, filed this action for himself and on behalf of his minor child on January 19, 2007.  (Docket No. 2).  Plaintiff alleges that on December 29 and 30, 2006, he was harassed when he asked permission to bring a service animal into the Kootenai County Administration building and thereafter assaulted when he later returned to the building with the service animal, his minor child and a video camera.  In this action, he brings claims against various government entities and

**REPORT AND RECOMMENDATION - 1**

employees for deprivation of his constitutional and statutory rights, and for assault and battery.

Plaintiff filed a motion for *in forma pauperis* ("IFP") status which the Court denied by Order of October 16, 2007. (Docket No. 13). By that same order, Plaintiff was given three months, until January 21, 2008, to pay the full filing fee of $350.00.

Plaintiff made two $50.00 payments, but failed to pay the remaining $250.00 by the court ordered deadline of January 21, 2008. On January 24, 2008, this action was dismissed without prejudice and judgment entered against Plaintiff. (Docket Nos. 14 & 15). The clerk was instructed to reimburse Plaintiff the $100 partial filing fee paid, which was done the following day.

Plaintiff filed a motion to reconsider the dismissal and enclosed a payment of $250.00, which would have been the outstanding balance he owed on the filing fee. The Court returned the $250.00 check to Plaintiff on January 31, 2008. The Court denied the motion to reconsider by Order dated February 29, 2008. (Docket No. 18). Nearly a year later, on January 23, 2009, Plaintiff filed three motions under seal including (1) Motion and Suggestions to Keep Documents Filed Under Seal, Permanently Under Seal and Viewed in Camera Only Filed Pursuant to Local Rule 5.3, FRCP 5.2 and FRCP 26(c)(1) Under Protective Orders Filed Ex-Parte (Docket No. 19), (2) Motion and Suggestions for Rule 60(b) Relief Filed Under Seal and Ex-Parte (Docket No. 20), and (3) Motion With Affidavit To Proceed In Forma Pauperis (Docket No. 21).

Upon review, this Court recommended:

**REPORT AND RECOMMENDATION - 2**

(1) that Plaintiff's Motion and Suggestions for Rule 60(b) Relief Filed Under Seal and Ex-Parte (Docket no. 20) be GRANTED;

(2) that the Order and Judgment dismissing this action (Docket Nos. 14 and 15) be VACATED and SET ASIDE;

(3) that Plaintiff be granted 180 days from the date of any Order adopting this Report and Recommendation within which to file the full filing fee of $350.00;

(4) that Plaintiff's Motion With Affidavit To Proceed In Forma Pauperis (Docket No. 21)

be DENIED;

(5) that Plaintiff Baby Doe be dismissed from this case if no attorney appears on his or her behalf within 30 days of the Order adopting this Report and Recommendation; and

(6) that Plaintiff be ordered to serve the defendants in this lawsuit within 60 days of any Order adopting this Report and Recommendation.
(Docket Nos. 23 & 24.)

Presiding District Judge Edward J. Lodge adopted this Court's Report and Recommendations by an order dated September 22, 2009.  (Docket No. 24). Accordingly, Plaintiff Tetzner had until December 22, 2009 within which to serve his Complaint upon the defendants.

No counsel made an appearance on behalf of Baby Doe within the 30 day deadline. Baby Doe was terminated from this action as a Plaintiff on October 22, 2009.

**REPORT AND RECOMMENDATION - 3**

On October 2, 2009, Plaintiff Tetzner filed third Motion for IFP status and for appointment of counsel for both him and Baby Doe who is no longer a plaintiff in this action. (Docket No. 25).  This Court recommended:

(1) Plaintiff's Motion for IFP Status and for appointment of counsel (Docket No. 25) be DENIED without prejudice;

(2) that Plaintiff be given fourteen (14) days from the date of any Order adopting this Report and Recommendation within which to file a new application for IFP status **in the form attached hereto** in which he should clearly state all of the sources of his income and expenses and how his prior circumstances upon which the Court denied IFP status have changed.

(3) and that Plaintiff be ordered to pay the full filing fee of $350.00 and to serve the defendants in this lawsuit within sixty (60) days of any Order adopting this Report and Recommendation.

Plaintiff filed an objection to the Report and Recommendation (Dkt. 27), which Presiding Judge Edward J. Lodge has not yet ruled on.  Plaintiff also filed his $350 filing fee on June 23, 2010, and a fourth Application for In Forma Pauperis Status (Dkt. 28). Because Plaintiff filed his filing fee, his application for IFP is moot.  Notwithstanding, the Court has considered Plaintiff's Fourth renewed application and recommends further that it be denied on its merits as well.

## FOURTH MOTION FOR IFP STATUS

**REPORT AND RECOMMENDATION - 4**

Plaintiff renews his request to proceed in forma pauperis for the fourth time. Motions to proceed in forma pauperis are addressed to the sound discretion of the District Court. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981), *cert. denied*, 455 U.S. 958 (1982).  Where the moving party fails to establish poverty, it is within the discretion of the court to deny the motion to proceed in forma pauperis. *Id.*

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor."  28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required.  *Id.*  An affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependants "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948).  The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

Plaintiff submitted his IFP application in the form requested by the Court which includes a declaration under penalty of perjury.  Plaintiff declared that his 2009 household income included $26,577 in salary from his wife's employment, $9,623 from his social security disability benefits and at least $1,500 from a tax refund.  He further declared that he and his wife owned their home which was valued at $110,000, but that they owed

**REPORT AND RECOMMENDATION - 5**

$114,000 on the loan, a Ford Escape valued at about $3,000, for which they currently owed $4,500, and another vehicle worth $500.

Plaintiff also declares that his monthly expenses including payments for his car and car insurance, house, home phone, cable cell phone, medical for children, prescriptions, laundry, food, personal items and cleaning supplies is approximately $2,596/month or $31,152/year.  He also lists several debts (student loan, credit card payment, dental bills) amounting to a total of $8900, but does not list a monthly payment amount. He includes a lawsuit against him for $1,587.98, unspecified amounts for household upkeep and improvements in the amount of $2000-3500/year and $300 for summer clothing for the children.

According to the Plaintiff, the total income in 2009 for his family of five dependants was approximately $37,700, which is almost 150% of poverty level according to the 2009/2010 HHS Poverty Guidelines.  In addition, assuming a reasonable monthly payment for his debts, it appears that Plaintiff's income is sufficient to make the listed payments for all of his expenses.  The Court is sympathetic to Plaintiff's financial situation but does not find that Plaintiff meets the poverty requirement to be granted IFP status.

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's fourth Application for Leave to Proceed in forma pauperis (Dkt. 28) be DENIED;

**REPORT AND RECOMMENDATION - 6**

2.    Plaintiff be allowed thirty (30) days from the date of any Order adoption

this Report and Recommendation to serve the Defendants.



DATED:  **February 7, 2011**.

Honorable Larry M. Boyle
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 7**