PETER C. ERBLAND, ISBA #2456
SEANN M. MUMFORD, ISBA #8069
PAINE HAMBLEN LLP
701 E. Front Avenue, Suite 101
Coeur d'Alene, ID 83814
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| RANDALL TETZNER and BABY DOE ONE, a minor child,<br><br>Plaintiffs,<br><br>vs.<br><br>KOOTENAI COUNTY, IDAHO, a municipal governmental body; RICK CURRIE, GUS JOHNSON, KATIE BRODY, Kootenai County Commissioners; RICHARD PANABAKER, Former Kootenai County Commissioner; ERICA ELLINGSON aka ERICA GRUBBS, Kootenai County Attorney; CHERI BATES, Former Personnel Director Kootenai County; WATSON AGENCY, INC., Idaho Corporation and Agent of Kootenai County; JOHN WEICK, CEO Watson Agency, agent of Kootenai County; MIKE BRAGDON aka MIKE BRAG aka JOHN DOE NUMBER ONE, Security Guard Watson Agency and Agent for Kootenai County; JOHN DOES 2 thru 50, Unknown Defendants,<br><br>Defendants. | Case No. CV 07-00035-EJL-LMB<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS** |

Defendants, Kootenai County, Elmer Currie (Mr. Currie"), Gus Johnson ("Mr. Johnson"),

Katie Brodie ("Ms. Brodie"), Richard Panabaker ("Mr. Panabaker"), Erika Grubbs ("Mrs.

MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 1

Grubbs"), and Cherie Bates ("Ms. Bates") (referred to collectively as "the County Defendants"), file this Memorandum in support of their Fed.R.Civ.P. 12(b) Motion to Dismiss. As this Memorandum will show, Plaintiff's Complaint, and all claims and causes of action alleged therein against the County Defendants, should be dismissed.

## I.    BACKGROUND

O January 19, 2007, Plaintiff filed his Complaint alleging the defendants, including the County Defendants, violated a number of federal and state laws. (Dkt. No. 2.) All claims and causes of action contained in Plaintiff's Complaint stem from events that allegedly occurred on December 29 and 30, 2006. (Dkt. No. 2, pp. 6-9.) Plaintiff then waited a period of almost 4 years and 2 months to make any effort to serve the County Defendants with process. On March 4, 2011, process was served on Kootenai County, and Kootenai County Civil Deputy Prosecuting Attorney John Cafferty accepted service of process on behalf of Mr. Currie, Mr. Johnson, Ms. Brodie, Mr. Panabaker, and Mrs. Grubbs. (Dkt. Nos. 56 and 58.) Ms. Bates was personally served with process on March 7, 2011. (Bates Aff. ¶ 6.)

## II.    LEGAL ANALYSIS

**A.    Plaintiff's attempt to serve the County Defendants with process was insufficient because of the extreme length of time that passed since Plaintiff filed his Complaint.**

The defense of insufficient service of process can be raised by motion made before the filing of a responsive pleading. Fed.R.Civ.P. 12(b)(5). Process consists of a summons and a complaint. See Fed.R.Civ.P. 4(c). If a plaintiff fails to serve process on a defendant within 120 days after the complaint is filed, a defendant may move the court for an order of dismissal, which the court "must" grant. Fed.R.Civ.P. 4(m). There are two exceptions to Rule 4(m)'s mandate of dismissal: if the court does not dismiss the action, then it must order service within a specified

**MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 2**

time; alternatively, if the court finds good cause exists for the plaintiff's failure to accomplish service within the proscribed time, the court must extend the time for service. Id.

In this case, Plaintiff's Complaint was filed on January 19, 2007. (Dkt. No. 2.) In order to comply with Fed.R.Civ.P 4(m)'s 120-day timeframe, Plaintiff was required to serve process on the County Defendants by May 21, 2007. However, as outlined above, the County Defendants were not served with process almost 4 years after the expiration of this time period.

1.    Plaintiff's must prove his failure to serve process on the County Defendants is excused by "good cause."

A plaintiff who fails to comply with the Rule 4(m)'s time requirement, bears the burden of establishing good cause for their non-service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991)). At a minimum "good cause" means excusable neglect. *In re Sheehan*, 253 F.3d at 512. In fact, to establish good cause a plaintiff may be required to show the following factors in order to bring any excuse for non-service to the level of good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."

In this case, the County Defendants await any evidence Plaintiff may have pertaining to the issue of "good cause." However, Mr. Panabaker, Mrs. Grubbs, and Ms. Bates affirmatively declare that they did not know Plaintiff had filed this lawsuit, or that they were named as defendants therein, until early March, 2011.[1] (Panabaker Aff. ¶ 4; Grubbs Aff. ¶ 4; Bates Aff. ¶ 6.) In addition, by proceeding in this case *pro se* Plaintiff is held to the same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Ignorance of the

---

[1] Affidavits from Mr. Johnson and Ms. Brodie could not be obtained prior to the deadline for filing the County Defendants' Motion to Dismiss. Should Mr. Johnson and Ms. Brodie have information relevant to the County Defendants' Motion to Dismiss, that information will be provided to Plaintiff and the Court as soon as it becomes available.

MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 3

procedural rules alone is not good cause failing to serve the County Defendants within Rule 4(m)'s 120 day time period. *See Townsel v. Contra Costa County, Cal.*, 820 F.2d 319, 320 (9th Cir. 1987) (counsel's ignorance of the applicable rules of civil procedure did not constitute good cause).

      2.      <u>The facts in this case make it justify the Court refusing to allow Plaintiff additional time to serve his Complaint.</u>

The County Defendants recognize that Fed.R.Civ.P. 4(m) provides the Court "broad discretion to extend the time for service of process." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In making extension decisions under Rule 4(m) a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir.1998)). In light the Court's decision in *Efaw*, the County Defendants urge the Court to find that based upon the facts in this case, allowing Plaintiff to serve process almost 4 years after the time provided in Rule 4(m) would be inappropriate.

In *Efaw*, the plaintiff filed his original complaint on July 29, 1996. *Id.* at 1039. This complaint was dismissed. The plaintiff filed an amended complaint on October 4, 1996, and served process on all but two defendants. *Id.* The plaintiff asked for, and was granted, an additional 180 days to serve the remaining two defendants; however, he failed to accomplish service in this time. *Id.* at 1040. On September 9, 2003, one of the defendants who had not been served filed a motion to dismiss based upon lack of service of process. *Id.* The trial court denied the defendant's motion, and gave the defendant additional time to accomplish service, which he did. *Id.* After losing at trial, the defendant appealed, asserting, among other issues, that the trial court erred in denying her motion to dismiss for lack of service of process. *Id.*

**MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 4**

The Ninth Circuit Court of Appeals reversed the trial court, holding the defendant's motion to dismiss should have been granted. *Id.* at 1041. In so doing, the court emphasized the "extraordinary" delay in service, and acknowledged this type of delay greatly prejudiced the defendant because witnesses' memories faded over time. These same factors and considerations favor granting the County Defendants' Motion to Dismiss.

In this case, over four years passed between the Plaintiff filed his Complaint and he served the County Defendants. (See Dkt. No. 1.) During this time Plaintiff never moved the Court for an order allowing him more time to serve the County Defendants. In September of 2009, the Court reminded Plaintiff that he needed to serve process on the County Defendants. (See Dkt. No. 22, p. 2.) Still almost 15 months passed before Plaintiff saw fit to serve process on the County Defendants. This lengthy, and apparently unnecessary, delay presents the same unavoidable risk and reality present in *Efaw*: over the years witnesses' memories deteriorate. *See Efaw* 473 F.3d at 1041. The risk that witnesses will not remember relevant events, or remember them incorrectly, presents a real and substantial prejudice to the County Defendants, and provides ample reason for the Court to dismiss Plaintiff's Complaint.

In *Efaw*, the court held the plaintiff was not entitled to extra time based upon an absence of evidence. 473 F.3d at 1041. In this case, the Court has actual evidence underscoring that the Plaintiff should not be allowed to serve his Complaint almost 4 years after the time provided by federal law. See Fed.R.Civ.P. 4(m). Mr. Currie, Mr. Panabaker, and Mrs. Grubbs were Idaho citizens and residents the entire period of time between when Plaintiff filed his Complaint and when service was accomplished.[2] (Currie Aff. ¶ 2; Panabaker Aff. ¶ 2; Grubbs Aff. ¶ 2.) Mr. Panabaker, Mrs. Grubbs, and Ms. Bates affirmatively declare that they did not know Plaintiff had

---

[2] The fact that Ms. Bates did not work for Kootenai County or even live in Idaho at the alleged time the alleged events included in Plaintiff's Complaint occurred is an issue that will be addressed at later date if needed. (Dkt. No. 2, pp. 6-9; Bates Aff. ¶¶ 2-4.)

**MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 5**

filed this lawsuit, or that they were named as defendants therein, until early March, 2011.[3] (Panabaker Aff. ¶ 4; Grubbs Aff. ¶ 4; Bates Aff. ¶ 6.) During a portion of this time after Plaintiff filed his Complaint, Mr. Currie and Mrs. Grubbs maintained offices in Kootenai County buildings. (Currie Aff. ¶ 2; Grubbs Aff. ¶ 4) Further, at all times relevant to this case, Mrs. Grubbs was a practicing attorney in Kootenai County and her professional contact information was readily available to Plaintiff. (Grubbs Aff. ¶¶ 3 and 4.)

This evidence affirmatively establishes that in regards to Mr. Currie, Mr. Panabaker, Mrs. Grubbs, and Ms. Bates, were not attempting to avoid service by Plaintiff, and that had Plaintiff made a modicum of effort, service could have been completed within the time allowed under the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 4(m).

## III.    CONCLUSION

Based upon the foregoing, and pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure, the process served by Plaintiff on the County Defendants was insufficient; therefore, the County Defendants' Motion to Dismiss should be granted, and Plaintiff's Complaint, and all claims alleged against the County Defendants, should be dismissed.

DATED this 25th day of March, 2011.

PAINE HAMBLEN LLP

Seann M. Mumford
Attorney for County Defendants

---

[3] Again, affidavits from Mr. Johnson and Ms. Brodie could not be obtained prior to the deadline for filing the County Defendants' Motion to Dismiss. Should Mr. Johnson and Ms. Brodie have information relevant to the County Defendants' Motion to Dismiss, that information will be provided to Plaintiff and the Court as soon as it becomes available.

**MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 6**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of March, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The foregoing was also served on the following person in the manner set forth below:

Randall Tetzner
1318 E. Locust
Coeur d'Alene, ID 83814

☐   CM/ECF SYSTEM
☒   US MAIL
☐   OVERNIGHT MAIL
☐   TELECOPY (FAX) to:
☐   E-MAIL TO:

H:\CDADOCS\00228\00241\PLEAD\C051876

**MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 7**