PETER C. ERBLAND, ISBA #2456
SEANN M. MUMFORD, ISBA #8069
PAINE HAMBLEN LLP
701 E. Front Avenue, Suite 101
Coeur d'Alene, ID  83814
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDALL TETZNER<br><br>        Plaintiff,<br><br>    vs.<br><br>KOOTENAI COUNTY, IDAHO, a municipal governmental body; RICK CURRIE, GUS JOHNSON, KATIE BRODY, Kootenai County Commissioners; RICHARD PANABAKER, Former Kootenai County Commissioner; ERICA ELLINGSON aka ERICA GRUBBS, Kootenai County Attorney; CHERI BATES, Former Personnel Director Kootenai County; WATSON AGENCY, INC., Idaho Corporation and Agent of Kootenai County; JOHN WEICK, CEO Watson Agency, agent of Kootenai County; MIKE BRAGDON aka MIKE BRAG aka JOHN DOE NUMBER ONE, Security Guard Watson Agency and Agent for Kootenai County; JOHN DOES 2 thru 50, Unknown Defendants,<br><br>        Defendants. | Case No. CV 07-00035-EJL-LMB<br><br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS** |

Defendants, Kootenai County, Elmer Currie ("Mr. Currie"), Gus Johnson ("Mr.

Johnson"), Katie Brodie ("Ms. Brodie"), Richard Panabaker ("Mr. Panabaker"), Erika Grubbs

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 1**

("Mrs. Grubbs"), and Cherie Bates ("Ms. Bates") (referred to collectively as "the County Defendants"), file this Reply Memorandum in support of their Fed.R.Civ.P. 4(m) and 12(b) Motion to Dismiss ("the County Defendants' Motion"). (Dkt. No. 60.) As this Memorandum and the County Defendants' initial supportive Memorandums demonstrate, Plaintiff's Complaint, and all claims and causes of action alleged therein, against the County Defendants should be dismissed. (See Dkt. No. 60-1.)

## I.    BACKGROUND

On January 19, 2007, Plaintiff filed his Complaint alleging the defendants, including the County Defendants, violated a number of federal and state laws. (Dkt. No. 2.) All claims and causes of action contained in Plaintiff's Complaint stem from events that allegedly occurred on December 29 and 30, 2006. (Dkt. No. 2, pp. 6-9.) Along with his Complaint, Plaintiff filed his first motion for *in forma pauperis* ("IFP") status. (Dkt. No.1) The Court denied Plaintiff's first motion for IFP status on October 16, 2007. (Dkt. No. 13.) Plaintiff then filed a second IFP motion on January 23, 2009; which was also denied. (Dkt. No. 24.) Plaintiff filed a third IFP motion on October 2, 2009, which United States Magistrate Judge Larry Boyle recommended should be denied. (Dkt. Nos. 25 & 26.) The Plaintiff objected to Judge Boyle's Report and Recommendation. (Dkt. No. 27.) On June 23, 2010, prior to the Court ruling on Judge Boyle's Report and Recommendation, the Plaintiff paid the $350.00 filing fee, and also filed a fourth IFP motion. (See Dkt. 28.) In a subsequent Report and Recommendation, Judge Boyle found that by paying the filing fee, Plaintiffs' fourth IFP motion was moot; however Judge Boyle went on to consider the merits of the motion and rejected Plaintiffs' request for IFP status for a fourth time. (Dkt. No. 29 pp. 4-6.) On March 16, 2011, the Court adopted both of Judge Boyle's Reports and Recommendations. (Dkt. No. 59.)

//

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 2

## II.    LEGAL ANALYSIS

**A.    Plaintiffs' request for IFP status does not provide good cause as to why Plaintiff waited over 4 years to serve the County Defendants.**

"A civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3.  If a plaintiff does not serve a defendants with process within 120 days after the complaint is filed, their action is subject to dismissal.  Fed.R.Civ.P.  4(m).  Plaintiff claims that the 120 day time limit is inapplicable to this case because "that only applies to a complaint filed with a filing fee." Nothing in the text of Rule 4(m) supports Plaintiff's position, nor has Plaintiff cited any case authority bolstering his argument.

Typically, when a plaintiff files a lawsuit in federal court they must pay a $350 filing fee to the court clerk.  28 U.S.C. § 1914.  "While § 1914 is not merely a local rule, it should not be raised to the level of a jurisdictional requirement." *Cintron v. Union Pacific R. Co.*, 813 F.2d 917, 920 (9th Cir. 1987).  A court can waive the fee associated with the filing of a lawsuit in federal court if the plaintiff can establish their indigent status.  Specifically, 28 U.S.C. § 1915(a)(1) provides:

> [S]ubject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The Ninth Circuit Court of Appeals has not directly addressed how filing a motion for IFP interplays with Rule 4(m)'s timing requirement; however, the court has long recognized the principle of constructive filing, under which "a complaint is filed when it is placed in the actual or constructive custody of the clerk [of the court]..." *United States v. Dae Rim Fishery Co., Ltd.*, 794 F.2d 1392, 1395 (9th Cir. 1986) (citing *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 3**

279, 281 (9th Cir. 1983)); *see also Smith v. Frank,* 923 F.2d 139, 142 (9th Cir. 1991) (document that was rejected because it was overly long was timely filed); *Cintron v. Union Pac. R.R. Co.,* 813 F.2d 917, 920-21 (9th Cir. 1987). Accordingly, under the constructive filing rule Plaintiff's Complaint was "filed" on January 19, 2007, even though he filed a motion for IFP status instead of paying the filing fee.   *See Cintron,* 813 F.2d at 920-21 (payment of a filing fee is not a jurisdictional requirement); *see also Rodgers on Behalf of Jones v. Bowen,* 790 F.2d 1550, 1552 (11th Cir. 1986). From that time Plaintiff had 120 days to serve the County Defendants with process. Fed.R.Civ.P. 4(m).

Other circuits have held that the principle of constructive filing is applicable only until a court rules on the plaintiff's IFP motion; if the motion is denied then the plaintiff would then have a limited time frame to pay the filing fee. *Jarrett v. US Sprint Communications,* 22 F.3d 256, 559 (10th Cir. 1994); *Williams-Guice v. Bd. of Educ., City of Chicago,* 45 F.3d 161 (7th Cir. 1995). The abrogation of the doctrine of constructive filing is inconsistent with the court's decision in *Cintron,* and the County Defendants urge the Court to find that for purposes of Rule 4(m), Plaintiff's Complaint was "filed" on January 19, 2007.

Moreover, Plaintiff's initial IFP motion was denied on October 16, 2007. (Dkt. No. 15.) Thereafter, instead of paying the filing fee, Plaintiff proceeded to file 3 additional IFP motions, all of which were denied. (Dkt. Nos. 24, 25, 26, 28, & 29 pp. 4-6.) By arguing that Rule 4(m)'s 120 service period is inapplicable to him, Plaintiff is essentially asking to be rewarded for his dilatory tactics. This is the exact scenario the court in *Williams-Guice,* warned of in its discussion on how a plaintiff could manipulate an IFP motion(s) to potentially delay the 120-day service time from beginning to run. 45 F.3d at 162. According to the court, under this scenario, "[E]ven well-to-do plaintiffs could obtain this self-help extension of time, which would leave

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 4**

defendants in the dark for extended periods. Such a maneuver not only undermines the mechanism created by Rules 3 and 4(m) but also is inconsistent with the rationale for periods of limitations." *Id.*

Finally, even assuming *arguendo* Plaintiff was entitled to some amount of tolling of Rule 4(m)'s service period by filing multiple IFP motions, the inescapable truth is that Plaintiff paid the $350 filing fee on June 23, 2010. Therefore, as Judge Boyle noted, and as the Court recognized and ordered, Plaintiff's attempt to gain IFP status is moot. (Dkt. Nos. 29 pp. 4-6, 59.) From the date Plaintiff paid the filing fee he still did not serve the County Defendants until March 11, 2011; a period of almost 8 months afterwards, and well beyond the 120 days allowed under Fed.R.Civ.P. 4(m).

**B.    The County Defendants purported knowledge of the facts alleged in Plaintiff's Complaint did not notify them that Plaintiff had in fact filed this lawsuit.**

In opposition to the County Defendants' Motion, Plaintiff makes general accusations regarding their recognition of him and that in the past Plaintiff allegedly brought the facts underlying this lawsuit to the attention of the County Defendants. (Dkt. No. 62 p. 2.) Whether the County Defendants have knowledge of the facts alleged in Plaintiffs' Complaint, or knew that Plaintiff had threatened to file a lawsuit, is completely irrelevant as to whether the County Defendants had constructive knowledge of this lawsuit. The documentation offered by Plaintiff in support of this argument is dated years before Plaintiff filed this lawsuit. (Pl.'s Exs. 1-3.) Further, Mrs. Grubb's alleged desire not to have Plaintiff's daughter on her soccer team is not evidence that Mrs. Grubb knew Plaintiff had filed this lawsuit. In fact, the evidence before the Court demonstrates Mrs. Grubbs did not know this lawsuit had been filed, or that she had been named as a defendant herein, until March of 2011. (Grubbs Aff. ¶ 4.)

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 5

**C.**     **The County Defendants were unable to object to the continued extension of time allowed to Plaintiff for service of process.**

In opposing the County Defendants' Motion, Plaintiff notes that Judge Boyle, in his Reports and Recommendations dated February 7, 2011, recommended Plaintiff have 30 days from any order of the Court adopting his report to effectuate service of process on the defendants. (Dkt. No. 29.)  The Court adopted Judge Boyles Report and Recommendation in its March 16, 2011, Order. (Dkt. No. 59.)

28 U.S.C. § 636(b)(1)(A) allows a United States magistrate judge to hear and determine most pretrial matters.  The magistrate then submits to the United States district court proposed findings and recommendations, which are to be provided to "all parties."  § 636(b)(1)(C).  After being served with a copy, if a party wants to object to the magistrate's report they may serve and file written objections with the district court.  Id.  Rule 72 of the Federal Rules of Civil Procedure implements the provisions of § 636(b)(1).

In this case, the Court's own record shows that the County Defendants were not served with a copy of any of Judge Boyle's Reports and Recommendations.  Moreover, the evidence before the Court establishes that at least some of the County Defendants were unaware this lawsuit had been filed, or that they were named as parties to it, until early March of 2011. (Panabaker Aff. ¶ 4; Grubbs Aff. ¶ 4; Bates Aff. ¶ 6.)  For the remaining County Defendants, there is no evidence before the Court indicating they knew or had construction knowledge of this lawsuit, or that they had been named therein.  As such, it would have been impossible for the County Defendants to file and serve timely objections to any of Judge Boyle's extensions of the time in which Plaintiff had to accomplish service.  To hold otherwise would have required the County Defendants  to constantly monitor ECF to see if they had been named in a lawsuit.

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 6**

Upon being served with a copy of Plaintiff's Complaint the County Defendants timely filed this Motion seeking dismissal of Plaintiff's claims based upon the untimely service of process. (Dkt. 60.) The Court should treat the County Defendants' Motion as an objection to Judge Boyle's repeated recommendations that Plaintiff be allowed additional time to serve his Complaint. This position is supported by the court's decision in *Perales v. Casillas*, 950 F.2d 1066 (5th Cir. 1992).

In *Perales*, a defendant who had been actively engaged in a lawsuit failed to timely object to the reports and recommendations of the magistrate. *Id.* at 1071. However, the magistrate's report did not include express notice that failure to timely object would constitute a waiver of appellate rights. *Id.* Even though the defendant was arguably on notice of the deadline to object, the *Perales* court held that because the magistrate's report did not specifically inform the defendant of the objection deadline, the parties were not prevented from objecting to the report. *Id.*

Unlike *Perales*, there can be no reasonable argument that the County Defendants should have been aware of the deadline to object to Judge Boyle's Report and Recommendations allowing additional time for service. Plaintiff has offered no reason why it took him over 4 years to serve the County Defendants. (See Dkt. 63.) To prevent the County Defendants from challenging the timeliness of Plaintiff's service of process once they became aware of this lawsuit and their status as parties thereto, would again reward Plaintiff for his dilatory tactics, and would creates an real and significant risk of prejudice to the County Defendants. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

//

//

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 7**

### III. CONCLUSION

Based upon the foregoing, as well as the County Defendants' initial Memorandum, and pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure, the process served by Plaintiff on the County Defendants was untimely and insufficient; therefore, the County Defendants' Motion to Dismiss should be granted, and Plaintiff's Complaint, and all claims alleged against the County Defendants, should be dismissed.

DATED this 20th day of May , 2011.

PAINE HAMBLEN LLP

Seann M. Mumford
Attorney for County Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of May, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The foregoing was also served on the following person in the manner set forth below:

Randall Tetzner
1318 E. Locust
Coeur d'Alene, ID 83814

☐ CM/ECF SYSTEM
☒ US MAIL
☐ OVERNIGHT MAIL
☐ TELECOPY (FAX) to:
☐ E-MAIL TO:

H:\CDADOCS\00228\00241\PLEAD\C057385

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS, KOOTENAI COUNTY'S, ELMER CURRIE'S, GUS JOHNSON'S, KATIE BRODIE'S, RICHARD PANABAKER'S, ERIKA GRUBBS', AND CHERIE BATES' MOTION TO DISMISS - 8**