UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| RANDALL TETZNER, | Case No. 07-cv-00035-EJL |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| KOOTENAI COUNTY, et al, | |
| Defendant. | |

## INTRODUCTION

The Court has before it defendants' Motion to Dismiss based on Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure (Dkt. 60). Defendants contend that the Court should dismiss this action because plaintiff failed to serve the defendants within 120 days of filing his complaint. The Court has determined oral argument would not significantly assist the decisional process and will decide the motion without a hearing. For the reasons expressed below, the Court will deny the motion.

## BACKGROUND

Plaintiff Randall Tetzner, appearing pro se, alleges that in December 2004, he was harassed when he asked permission to bring a service animal into the Kootenai County Administration building and assaulted when he later returned to the building with the

service animal, his minor child, and a video camera.[1]  In this action, he sues various government entities and employees for deprivation of his constitutional and statutory rights, and for assault and battery.

Tetzner filed his complaint in January 2007.  The moving defendants were not served until over four years later, in March 2011.  During those four-plus years, plaintiff filed four motions to proceed *in forma pauperis* (IFP).  The Court denied all these motions and in January 2008, the Court dismissed the entire action because Tetzner failed to pay the filing fee.  *See Jan. 24, 2008 Order and Judgment,* Dkts. 14, 15.

But in September 2009 – nearly two years after dismissing the action – the Court vacated the dismissal based on Tetzner's Rule 60(b) motion.  *See Sept. 29, 2009 Order*, Dkt. 24 (adopting Sept. 2, 2009 report and recommendation).  The Court once again refused Tetzner's request for IFP status, however.

Tetzner did not pay filing the fee after the Court reinstated his action and denied his second IFP motion.  Instead, in October 2009, he filed a third IFP motion.  Dkt. 25.  Roughly nine months later, in June 2010, Magistrate Judge Boyle recommended denying the IFP motion without prejudice.  Dkt. 26.  Tetzner paid the filing fee within the next two weeks – before this Court had a chance to consider Judge Boyle's recommendation.

---

[1] Various Court orders refer to the events as occurring in December 2006, and the complaint does initially state that on "12-29-06 plaintiff Randall Tetzner was enjoying free access to government records at the Kootenai County Administration building . . . ." *Compl.*, Dkt. 2, ¶ 22.  Elsewhere, however, the complaint refers to events occurring on "12-30-04," *id.* ¶ 23, and the documents Tetzner filed with his response to this motion indicate that the events occurred in December 2004.  *See, e.g., Plaintiff's Dec. 29, 2004 Letter to Richard Panabaker,* Dkt. 63, at 4 (Ex. 1 to Plaintiff's Response); *Plaintiff's Aug. 28, 2005 Letter to Dan English,* Dkt. 63, at 17 (Ex. 3 to Plaintiff's Response) ("The offense I am writing about occurred December 29th, 2004, at the Kootenai County Administration building.").

Under these circumstances, it would have seemed that the third IFP motion was moot. Nonetheless, on June 23, 2010 – the same day he paid his filing fee – Tetzner filed a fourth IFP motion. *See* Dkt. 28. The fourth IFP motion may have been filed because Judge Boyle recommended denying the third motion without prejudice because, among other things, it failed to "provide the Court with sufficient information upon which to make an IFP eligibility determination." Dkt. 26, at 5.

In any event, in February 2011, Judge Boyle recommended denying the third and fourth IFP motions. *See* Dkt. 29. Shortly thereafter, on March 16, 2011, this Court adopted Judge Boyle's recommendations relating to the third and fourth IFP motions. *See Mar. 16, 2011 Order,* Dkt. 59. The Court's order indicated that Tetzner would have 30 days (or until April 16, 2011) to serve the complaint. By that time, however, Tetzner had already served the moving defendants. (Tetzner served the moving defendants on March 4 and 7, 2011.) The defendants nonetheless assert that Tetzner failed to timely serve his complaint under Federal Rule of Civil Procedure 4(m).

## ANALYSIS

As a threshold matter, the Court disagrees with defendants' assertion that Tetzner's 120-day period to serve his complaint started ticking back in January 2007, when he lodged his complaint with the Court. *See generally* Fed. R. Civ. P. 4(m) (establishing 120-period in which to serve complaint).

In most cases, the filing of the complaint "commences" a civil action and starts the 120-day clock for serving defendants with a summons and the complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Fed. R.

Civ. P. 4(m). But in cases where the plaintiff asks to proceed IFP under 28 U.S.C. § 1915(a), the court authorizes the "commencement" of the suit. *See* 28 U.S.C. § 1915(a) (court "may authorize the commencement. . . of any suit . . . without prepayment of fees . . . .").

If there is judicial delay in processing the IFP motion, plaintiffs may face either a statute-of-limitations problem, or a service-timing problem depending on whether the complaint is deemed to have been filed at the time the IFP motion is filed, versus the date on which the court rules on the IFP application. The Ninth Circuit has not addressed this issue, but the Seventh Circuit held that for statute-of-limitations purposes, an action is "commenced" when the plaintiff initially lodges the complaint, but Rule 4(m)'s 120-day clock does not begin "until the clerk stamps the complaint 'filed' following an order granting IFP status or belated payment of the docket fee." *Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 162 (7th Cir. 1995) (Easterbrook, J.) (*citing Gilardi v. Schroeder*, 833 F.2d 1226 (7th Cir.1987), and *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596 (7th Cir.1989)). *See also Ecret v. Diamond*, 2007 WL 2743432, at *2 (W.D. Wash. Sept. 17, 2007) (adopting Seventh Circuit approach).

This Court agrees with the Seventh Circuit's approach and rejects defendants' contention that it is contrary to *Cintron v. Union Pacific Railroad Co.*, 813 F.2d 917 (9th Cir. 1987). *Cintron* did not address Rule 4(m)'s 120-day deadline in the context of IFP motions. It merely held that a complaint was constructively filed – for statute-of-limitations purposes – on the date it was received by the Court, even though the clerk did not stamp it as "filed." *Id.* at 920-21. *Cintron* has no direct bearing on this motion.

Applying the Seventh Circuit approach here, one would ordinarily assume that Tetzner's 120-day service clock started ticking on June 23, 2010, when he paid the $350 filing fee; and, therefore the deadline to serve defendants was 120 days later, or October 11, 2010.[2] As a result, Tetzner failed to timely serve defendants and his action is subject to dismissal under Rule 4(m).

But given the unusual facts of this case, it is not clear that Tetzner failed to timely serve the defendants. After all, the most recent Court order indicated that Tetzner had until April 2011 to serve the defendants and he served them within that time frame. Tetzner focuses on this very fact in his briefing. As he puts it, "For each request the plaintiff made [to proceed IFP], he was given a time period to serve the defendants. The last report and recommendation gave the plaintiff 30 days to serve the defendants and this was accomplished." *Plaintiff's Response*, Dkt. 63, at 2.

Further, even assuming the service clock actually started ticking on June 23, 2010 – and thus expired on October 11, 2010, before defendants were served – the Court would extend the deadline because of the confusion surrounding plaintiff's service deadline as well as the judicial delay in resolving plaintiff's various IFP motions.

"District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007). Courts must extend the service deadline if plaintiff shows good cause, and may extend the deadline even in the absence of good cause. *See id.*; Fed. R. Civ. P. 4(m). Significantly, the Advisory Committee

---

[2] The Court does not mean to suggest that a plaintiff can delay "commencing" an action indefinitely, simply by not paying the filing fee. The Court ordinarily addresses this concern by establishing a particular date for paying the filing fee when it denies IFP motions. That is precisely what happened here and Tetzner's claim was dismissed when he failed to pay the fee. Typically, that would be the end of the matter, but the Court vacated the order of dismissal due, in part, to Tetzner's medical issues at that time. Such an unusual scenario is not likely to repeat itself.

Notes for Rule 4(m) provide that the "district court should . . . take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." See Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendments, Subdivision (m) (citing *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596 (7th Cir. 1989)).

The Court's responsibility to protect pro se plaintiffs extends to the circumstances presented here. First, as already noted, the Court's most recent order plainly indicated to plaintiff that he had 30 additional days to serve his complaint. He complied with that order.

Second, defendants' assertions that Tetzner waited over four years to serve his complaint overlooks the fact that the IFP motions pended for long periods before they were denied. The first IFP motion was denied nine months after it was filed. *See* Dkts. 1, 6, 13 (Jan. 19, 2007 motion; Sept. 13, 2007 Recommendation; Oct. 16, 2007 Order). The second motion was denied eight months after it was filed. *See* Dkts. 21, 22, 24 (Jan. 23, 2009 motion; Sept. 2, 2009 R&R; Sept. 22, 2009 Order). The third motion pended for eight months before the magistrate judge recommended denying it. *See* Dkts. 25-26 (Oct. 2, 2009 motion; June 9, 2010 Recommendation, which recommended denial without prejudice). The fourth motion pended for nearly nine months. *See* Dkts. 28, 29, 59 (June 23, 2010 motion; Feb. 7, 2011 Recommendation; Mar. 16, 2011 Order). Under these facts, plaintiff cannot be blamed for all of the delay.

Finally, defendants' reliance upon *Efaw v. Williams*, 473 F.3d 1038 (9th Cir. 2007) is misplaced. In that case, the court held that the district court exceeded its discretion in

extending plaintiff's time to serve a complaint. *Id.* at 1041. But the plaintiff in that case delayed service for seven years and the district court simply extended the time for service without offering any justification whatever. *Id.*

Here, extending the time for service is warranted due to, among other things, judicial delay in resolving the IFP motions, confusion surrounding plaintiff's deadline to serve the defendants, and the fact that plaintiff complied with the Court's last order establishing a service deadline. Further, *Efaw* is factually distinguishable. Most significantly, in *Efaw,* there were no complications arising from IFP motions and court orders indicating deadlines for service. And, unlike here, Efaw was represented by counsel during portions of the seven-year period and a witness died in the intervening seven years.

In short, *Efaw* was a rare case and, even then, it divided the panel. In his dissent, Judge Fletcher noted that the defendant had "been unable to point us to a single case in which a court has held that a district court abused its discretion in granting an extension under Rule 4(m)." *Id.* at 1043 (Fletcher, J., dissenting). Even in the face of the seven-year delay, Judge Fletcher would have upheld the extension "because Efaw would otherwise have been barred from litigating the merits of his civil rights claim." *Id.*

Here, in the interests of resolving cases on the merits, and because of the procedural confusion surrounding the service deadlines and the judicial delay in resolving Tetzner's IFP motions, the Court will deny defendants' motion to dismiss for improper service.

# ORDER

Defendants' Motion to Dismiss (Dkt. 60) is **DENIED.**

DATED: March 14, 2012

_Honorable Edward J. Lodge_
U. S. District Judge