PETER C. ERBLAND, ISBA #2456
JENNIFER H. FEGERT, ISBA #7187
PAINE HAMBLEN LLP
701 E. Front Avenue, Suite 101
Coeur d'Alene, ID  83814
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDALL TETZNER and BABY DOE ONE, a minor child,<br><br>Plaintiffs,<br><br>vs.<br><br>KOOTENAI COUNTY, IDAHO, a municipal governmental body; RICK CURRIE, GUS JOHNSON, KATIE BRODY, RICHARD PANABAKER, Kootenai County Commissioners; ERICA ELLINGSON aka ERICA GRUBBS, Kootenai County Attorney; CHERI BATES, Former Personnel Director Kootenai County; WATSON AGENCY, INC., Idaho Corporation and Agent of Kootenai County; JOHN WEICK, CEO Watson Agency, agent of Kootenai County; MIKE BRAGDON aka MIKE BRAG aka JOHN DOE NUMBER ONE, Security Guard Watson Agency and Agent for Kootenai County; JOHN DOES 2 thru 50, Unknown Defendants,<br><br>Defendants. | Case No. CV 07-00035-EJL-LMB<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW, the Defendants Kootenai County, Rick Currie, Gus Johnson, Katie Brodie, Richard Panabaker, Erika Grubbs, and Cherie Bates, by and through their attorneys of record, Peter C. Erbland and Jennifer H. Fegert, of Paine Hamblen LLP, and hereby answer the Plaintiff's Complaint as follows:

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL-1

**GENERAL**

Plaintiff's Complaint is difficult to understand and extremely vague regarding some of the allegations complained of against the above-named Defendants.  To the extent the Plaintiff is making actionable claims against the Defendants, the Defendants deny each and every allegation of the Complaint not expressly and specifically admitted in this Answer.  The paragraph numbers referenced in this Answer correspond with the paragraph numbers in the Complaint.

**I. PRELIMINARY STATEMENT**

1.      Paragraph 1 of the Plaintiff's Complaint does not contain factual allegations and therefore no answer is required.  If an answer is required, Defendants deny any constitutional violation occurred.

2.      Defendants deny that Kootenai County is a municipal form of government.  To the extent that the Plaintiff is alleging that the Kootenai County Assessor's Department is a form of municipal government, the Defendants admit said allegation.  The remaining allegations contained in paragraph 2 of the Plaintiff's Complaint appear to call for a legal conclusion for which no answer is required.  If an answer is required, the Defendants deny the same.

3.      Upon information and belief, the Defendants admit that at the time of the incident that gives rise to the Plaintiff's Complaint, the Watson Agency was an Idaho Corporation.  These answering Defendants are without sufficient information to admit or deny that John Weick was the president and Julie Weick was the CEO of Watson Agency at the time of the incident complained of by the Plaintiff and therefore deny the same.  The remaining allegations contained in paragraph 3 of the Plaintiff's Complaint appears to call for a legal conclusion for which no answer is required.  If an answer is required, the Defendants deny the same.

4.      Defendants admit that Rick Currie, Gus Johnson, and Katie Brody were county

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL-2

commissioners at the time of the incident complained of by Plaintiff.  Defendants further admit that Richard Panabaker is a former Kootenai County commissioner.  To the extent that the remaining allegations in paragraph 4 call for legal conclusions, no answer is required.  If an answer is required, the Defendants deny the same.  Defendants further deny any violation of the Plaintiff's constitutional rights.

## II.  JURISDICTION AND VENUE

5.      Defendants admit that this court has jurisdiction over this matter.  Defendants deny having violated any of Plaintiff's rights provided under federal and/or state law.

6.      Defendants admit that this court has jurisdiction over this matter.  Defendants deny having violated any of Plaintiff's rights provided under federal and/or state law.

7.      Defendants admit that this court has jurisdiction over this matter.  Defendants deny having violated any of Plaintiff's rights provided under federal and/or state law.

8.      Paragraph 8 does not contain factual allegations and therefore no answer is required.  If an answer is required, the Defendants admit that this court has jurisdiction over this matter.  Defendants deny having violated any of Plaintiff's rights provided under federal and/or state law.

9.      Defendants admit venue is proper.

## III.  STATEMENT OF FACTS

10.     Defendants are without sufficient information to admit or deny the allegations in paragraph 10 of the Plaintiff's Complaint and therefore deny the same.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL-3

11.     Defendants are without sufficient information to admit or deny the allegations in paragraph 11 of the Plaintiff's Complaint and therefore deny the same.

12.     Defendants deny that Kootenai County is a municipal form of government. To the extent that the Plaintiff is alleging that the Kootenai County Assessor's Department is a form of municipal government, the Defendants admit said allegation.

13.     Defendants admit that Rick Currie, Gus Johnson, and Katie Brody were county commissioners at the time of the incident complained of by Plaintiff. The remaining allegations in paragraph 13 call for legal conclusions for which no answer is required. If an answer is required, the Defendants deny the same.

14.     Defendants admit that Richard Panabaker is a former Kootenai County Commissioner. The remaining allegations in paragraph 14 call for legal conclusions for which no answer is required. If an answer is required, the Defendants deny the same.

15.     Defendants admit that Cheri Bates was an employee for Kootenai County at the time of the incident complained of by Plaintiff. The remaining allegations in paragraph 15 call for legal conclusions for which no answer is required. If an answer is required, the Defendants deny the same.

16.     Defendants admit that Erika Ellingson (Grubbs) was an attorney employed by Kootenai County at the time of the incident complained of by Plaintiff. The remaining allegations in paragraph 15 call for legal conclusions for which no answer is required. If an answer is required, the Defendants deny the same.

17.     Upon information and belief, Defendants admit that the Watson Agency was an Idaho Corporation at the time of the incident complained of by the Plaintiff.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL-4

18.     These answering Defendants are without sufficient information to admit or deny that John Weick was the president of Watson Agency, Inc., at the time of the incident complained of by the Plaintiff and therefore deny the same.   The remaining allegations in paragraph 18 call for legal conclusions for which no answer is required.   If an answer is required, the Defendants deny the same.

19.     These answering Defendants are without sufficient information to admit or deny that Julie Weick was the CEO of Watson Agency, Inc., at the time of the incident complained of by the Plaintiff and therefore deny the same.   The remaining allegations in paragraph 19 call for legal conclusions for which no answer is required.   If an answer is required, the Defendants deny the same.

20.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 20 of the Plaintiff's Complaint and therefore deny the same.

21.     Defendants deny paragraph 21 of the Plaintiff's Complaint.

## IV. PARTIES

22.     Defendants deny that the incident complained of by the Plaintiff occurred on or about 12/29/06 and aver that the date was 12/29/04.   Upon information and belief, the Defendants admit the remaining allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 23 of the Plaintiff's Complaint and therefore deny the same.

24.     Defendants deny the allegations in paragraph 24 of the Plaintiff's Complaint.

25.    The Defendants are without sufficient information to admit or deny the allegations in paragraph 25 of the Plaintiff's Complaint and therefore deny the same. Specifically, the Defendants deny any acts of discrimination against the Plaintiff.

26.    The allegations contained in paragraph 26 of the Complaint lacks specificity and therefore the Defendants are without sufficient information as to who the Plaintiff allegedly spoke to, when the alleged conversation took place and where the alleged conversation took place.  Therefore, the Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.    The allegations contained in paragraph 27 of the Complaint lacks specificity and therefore the Defendants are without sufficient information as to which county employee the Plaintiff allegedly spoke to.   Therefore, the Defendants deny the allegations contained in paragraph 26 of the Complaint.

28.    Defendants admit that on or about 12/29/04 Erika Ellingson (Grubbs) spoke with the Plaintiff.   Defendants deny the remaining allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.    Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.    Defendants admit that the Plaintiff requested to bring his service animal into the Kootenai County Administration Building.   The Defendants deny the remaining allegations contained in paragraph 30 of the Complaint.

31.    Defendants deny the allegations in paragraph 31 of the Complaint.   Specifically, the Defendants deny violating the Plaintiff's constitutional rights.

32.    Paragraph 32 calls for a legal conclusion for which no answer is required.   If an answer is required, the Defendants deny the same.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL-6

33.   Defendants admit that the Plaintiff was advised that he could bring his service animal into the Kootenai County Administration Building. Defendants further admit that the Plaintiff refused to disclose his name at that time. Defendants deny the remaining allegations contained in paragraph 33 of the Complaint.

34.   Defendants admit that the Plaintiff paid for photocopies with a check. The Defendants deny the remaining allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.   Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.   Defendants admit that on or about 12/29/04 Plaintiff spoke with Richard Panabaker. Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37.   Defendants deny that the allegations contained in paragraph 36 occurred on or about 12/30/06 and aver that on or about 12/30/04 the Plaintiff arrived at the Kootenai County Administration Building with a child and a small dog. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 37 and therefore deny the same.

38.   Defendants admit that the Plaintiff had a video camera in his possession on or about 12/30/04. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 38 of the Complaint and therefore deny the same. Defendants specifically deny any acts of discrimination against the Plaintiff.

39.   Defendants admit that the Plaintiff turned on his video camera while he was at the Kootenai County Administration Building on or about 12/30/04. Defendants further admit that

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL-7

the Plaintiff requested an ADA compliance officer's presence. The Defendants deny the remaining allegations contained in paragraph 39 of the Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny that the allegations contained in paragraph 46 occurred on or about 12/30/06 and aver that on or about 12/30/04 the Plaintiff contacted Defendant Erika Ellingson (Grubbs). Defendants are without sufficient information as to the time frame in which the Plaintiff contacted the Defendant Erika Ellingson and therefore deny the same. Defendants further deny that the Plaintiff was attacked. Defendants admit that Defendant Ellingson had investigated the matter and found no wrong doing on the part of any county employee.

47. Defendants admit that the Plaintiff filed an ADA, 504 grievance. The Defendants further admit that Defendant Cherie Bates invited the Plaintiff to show her the video of the incident complained of by Plaintiff, in the presence of a Deputy. Defendants deny the remaining allegations in paragraph 47 of the Complaint. Defendants specifically deny the allegations that the Plaintiff was attacked, harassed or intimidated.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants admit that Defendant Bates agreed to a meeting with the Plaintiff. Defendants deny the remaining allegations contained in paragraph 49 of the Complaint.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL-8

50.    Defendants admit that a scheduled meeting between the Plaintiff and Defendant Bates was cancelled.    Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 50 and therefore deny the same.

51.    Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.    Defendants admit that the report regarding the "Investigation and Response to 504 Complaint Filed against Kootenai County" contained no findings of assault toward the Plaintiff. Defendants deny the remaining allegations contained in paragraph 52 of the Complaint.

53.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 53 of the Plaintiffs complaint as it is vague with regard to the letter written to the Kootenai County Commissioners.  The Defendants therefore deny the allegations in paragraph 53.  Defendants specifically deny any violation of the Plaintiff's constitutional rights.

54.    Defendants deny the allegations contained in paragraph 54 of the Plaintiff's Complaint.

## VI. CLAIMS FOR RELIEF

55.    Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.    Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.    Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.    Defendants deny the allegations contained in paragraph 59 of the Complaint.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL-9

## AFFIRMATIVE DEFENSES

### I.

The Complaint fails to state a claim against these answering Defendants upon which relief can be granted.

### II.

The alleged actions of the Defendants, if any, do not rise to the level of a deprivation of a constitutionally protected right.

### III.

Plaintiff's damages, if any, were proximately caused by Plaintiff's own conduct.

### IV.

Defendants are entitled to qualified immunity on all of Plaintiff's federal law claims.

### V.

Defendants actions were lawful, justified, and within their duties and responsibilities as agents and employees of Kootenai County.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against the Plaintiff as follows:

1. That Plaintiff's Complaint be dismissed and Plaintiff recovers nothing;

2. That Defendants be awarded their costs of suit and reasonable attorney fees pursuant to 42 U.S.C. § 1988 and Idaho Code § 12-120 and § 12-121l; and

3. That Defendants be awarded such other relief as the Court deems necessary.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL-10

DATED this _3rd_ day of April, 2012.

JENNIFER H. FEGERT
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __3RD__ day of April, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The foregoing was also served on the following person in the manner set forth below:

Randall Tetzner                     ___    CM/ECF SYSTEM
1318 E. Locust                      ☒      US MAIL
Coeur d'Alene, ID 83814             ☐      OVERNIGHT MAIL
                                    ☐      TELECOPY (FAX) to:
                                    ☐      E-MAIL TO:

K:\PRDOCS\00228\00241\PLEAD\P0028456

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL-11