UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDALL TETZNER, <br><br> Plaintiff, <br><br> v. <br><br> KOOTENAI COUNTY, <br><br> Defendant. | Case No. 2:07-cv-0035-LMB <br><br> **ORDER** |

This case was reassigned to the undersigned on September 17, 2012, after the

parties stipulated to the jurisdiction of a United States Magistrate Judge. (Dkts. 72-73).

Having reviewed the record, it is appropriate for the Court to set a pre-trial schedule in

this matter.  Accordingly, the parties shall adhere to the pre-trial schedule set forth herein

below, unless it is superseded by a subsequent court order.

1.   **Amendment of Pleadings, Joinder of Parties and Pre-ADR Discovery:**

All amendments of pleadings, joinder of parties, except for allegations of

punitive damages, and pre-alternative dispute resolution (ADR) discovery

shall be completed on or before **October 31, 2012**. This deadline shall only

be extended for good cause shown. All parties are entitled to know the

claims and parties well before trial. Although this deadline precedes the

ORDER - 1 -

general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment, joinder or ADR well in advance of this deadline to obtain the responses needed to make an informal decision on amendment, joinder and/or resolution.

2. **Disclosure of Experts:** The Plaintiff shall disclose expert witnesses and the expected testimony of those witnesses on or before **November 15, 2012**. The Defendant shall disclose expert witnesses and the expected testimony of those witnesses on or before **December 14, 2012**. All rebuttal experts shall be disclosed on or before **December 28, 2012**.

3. **Rules Governing Disclosures of Expert Witnesses**: Within The deadlines for the disclosure of expert witnesses set out above, the parties shall also provide, for each expert disclosed, the report described in Fed. R. Civ. P. 26 (a)(2)(B), as modified by Local Rule 26.2(b). Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1). Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts. No undisclosed expert rebuttal opinion testimony will be allowed at trial.

4. **ADR Conference:** The parties shall participate in **arbitration** on or before **January 15, 2013,** with individuals who have settlement authority. The

ORDER - 2 -

parties shall file with the court a joint written statement regarding the efforts and progress made towards settlement within **seven (7) days** after mediation is complete. The report shall also state the parties' estimated trial time. All proceedings in an arbitration session are confidential and privileged from discovery.

Counsel for the parties are directed to contact Ms. Susie Boring-Headlee, ADR Coordinator for this district, at 208-334-9067. Ms. Headlee will provide information     regarding the selection of a neutral, qualified arbitrator, if needed. The selected arbitrator will make the discretionary determination as to the exact date of the session based upon the particular circumstances of the case and input from the respective parties. The arbitrator will also determine whether any follow-up mediation sessions are necessary. The parties shall make independent arrangements for payment of fees for the arbitration. The costs of arbitration are to be divided and borne equally by the parties unless agreed otherwise.

5.    **Final Discovery:** All discovery, including all depositions (discovery and trial), shall be completed on or before **February 28, 2013**. Discovery and deposition requests must be made far enough in advance to allow for completion in accordance with the applicable federal rules prior to the discovery cut-off date. Failure to comply with this deadline may result in

ORDER - 3 -

the exclusion of evidence at trial.

6.   **Pre-Trial Motions:** All pre-trial motions, if any, shall be filed with the accompanying briefs on or before **April 15, 2013**. Response briefs, if any, to the motions filed on the pre-trial motions deadline, shall be due twenty-one (21) days from the receipt of the Motion. Reply briefs, if any, shall be due fourteen (14) days from the receipt of the Response.

Motions in limine, if any, shall be filed thirty (30) days prior to trial. Response to motions in limine, if any, shall be filed within fourteen (14) days from the filing of the motion.

The Court, upon a review of the pending motions, will determine whether a hearing is necessary. For any pre-trial motions filed prior to the deadlines set forth in this Order, the responsive briefing due date shall be those set forth in Local Rule 7.1.

7.   **Witness Lists:** Witness lists shall be filed fourteen (14) days prior to trial, unless otherwise ordered or agreed upon. Witness lists shall contain the material listed in Fed. R. Civ. P. 26(a)(3)(A)&(B), and shall include a brief description of the subject matter of the witnesses' expected testimony.

8.   **Exhibits and Exhibit Lists:** Exhibit list shall be exchanged between the parties and submitted to the Court within fourteen (14) days prior to trial. The exhibit lists shall follow the guidelines set out in Local Rule 16.3.

ORDER - 4 -

9.    **Pre-Trial Briefs:** Trial briefs shall be exchanged between the parties and submitted to the Court within fourteen (14) days prior to trial. The Court is to be advised and briefed on all anticipated evidentiary problems before trial; no motions will be heard on the morning of a trial unless approved by the court in advance.

10.    **Jury Instructions:** All proposed jury instructions are required to be filed and served at least fourteen (14) days prior to trial. The proposed jury instructions shall follow the guidelines set forth in Local Rule 51.1. Proposed jury instructions shall also be provided to chambers by sending a "clean" set without cites or numbers to LMB_Orders@id.uscourts.gov .

11.    **Proposed Voir Dire:** All proposed voir dire questions are to be filed at least fourteen (14) days prior to trial. The Court will conduct voir dire of the jury panel. Counsel will be allowed to briefly question the jury panel following the Court's voir dire.

12.    **Trial Date:** A **jury trial** shall begin on **October 15, 2013, at 9:30 a.m.** in the Federal Courthouse in **Coeur d'Alene**, Idaho. The trial is tentatively scheduled for four (4) days. Thereafter, the trial shall be conducted from 9:30 a.m. to 4:30 p.m. A continuance for reason will be granted only upon a showing of extraordinary circumstances.

ORDER - 5 -

13.   **Court Trial Requirements:** If the matter to be tried is changed to a court trial, suggested Findings of Fact and Conclusions of Law are to be submitted at least fourteen (14) days before trial. Attach an index directing the Court's attention to the evidence that will support the proposed findings or conclusions of law. A stipulation on all non-contested issues should accompany these documents.

14.   **Courtroom Conduct and Procedure:** When appearing in this Court, all counsel (including, where the context applies, all persons at counsel table) shall abide by the following rules. Failure to abide may result in sanctioning by the Court:

   A. Stand as Court is opened, recessed or adjourned.

   B. Stand when jury enters or retires from the courtroom.

   C. Stand when addressing the Court. When making an objection, stand and state only the legal basis for the objection. If a response is necessary, be brief, without making a speech. If it is **critical** to the case that counsel be heard in more detail, a bench conference may be called to explain the basis for an objection. Otherwise, bench conferences will not be permitted.

   D. Stand at the lectern while examining any witnesses; except that counsel may approach the witness for purposes of handling or

ORDER - 6 -

tendering exhibits, with Court approval.

E. Stand at the lectern while making opening statements or closing arguments.

F. Address all remarks to the Court, not to opposing counsel.

G. Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feelings between the litigants or witnesses.

H. Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

I. Only one attorney for each party shall examine or cross examined each witness. The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination.

J. Prior to testifying, counsel shall place before the witness all exhibits to which he or she will testify.

K. Diagrams or exhibits should be drawn or marked by the witness before taking the stand.

L. Any witness testifying at the time of recess or adjournment must be back on the witness stand when the Court reconvenes. If a new witness is to be called, he/she must be standing in front of the witness box ready to be sworn.

**ORDER - 7 -**

M. In examining a witness, counsel shall not repeat or echo the answer given by the witness.

N. Gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.



DATED:  **September 25, 2012**.

Honorable Larry M. Boyle
United States Magistrate Judge

**ORDER - 8 -**