UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| RANDALL TETZNER,<br><br>                    Plaintiff,<br><br>v.<br><br>KOOTENAI COUNTY, et al.,<br><br>                    Defendants. | Case No. 2:07-cv-00035-LMB<br><br>**ORDER** |

On December 3, 2012, Defendants Kootenai County, Idaho, Kootenai County Commissioners Rick Currie, Gus Johnson, Katie Brody, Richard Panabaker, former Kootenai County Attorney Erica Ellingson a/k/a Erica Grubbs, Former Personnel Director of Kootenai County Cheri Bates, and Kootenai County John Doe Agents 2 through 50 ("Kootenai County Defendants") were dismissed with prejudice from this action. (*Stipulation*, Dkt. 76; *Order*, Dkt. 78).

The remaining defendants, Watson Agency, Inc., Watson Agency President John Weick, Watson Agency CEO Julie Weick, and Watson Agency employee Mike Bragdon ("Watson Agency Defendants"), have not made an appearance for any of the Watson Agency Defendants, and it appears that they have not been properly served. Rather, it looks as if pro se plaintiff Randall Tetzner attempted to perfect service on the Watson Agency Defendants by serving a representative of the Kootenai County Defendants. (*See*

**ORDER - 1**

*Summonses*, Dkts. 33-58).  At this time, no attorney has made an appearance for the

Watson Agency Defendanta and it appears that service may have been inadaquate and not

in compliance with the requirements of Federal Rule of Civil Procedure 4.

Specifically, Rule 4(d)(3) provides in relevant part:

> Service shall be made as follows:  Upon a domestic or foreign corporation
> or upon a partnership or other unincorporated association which is subject
> to suit under a common name, by delivering a copy of the summons and of
> the complaint to an officer, a managing or general agent, or to any other
> agent authorized by appointment or by law to receive service of process
> and, if the agent is one authorized by statute to receive service and the
> statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(d)(3). To effectively serve a corporation, as Plaintiff is attempting to do

here, service must be directed to and delivered to an officer, managing agent or general

agent of that corporation, or personally on a named defendant.  *Id.*  Though there may be

evidence to the contrary, the record before the Court indicates that the persons served, Pat

Raffee and Clifford T. Hayes were not officers, managing agents, general agents, or even

representatives of the Watson Agency Defendants.

A federal court does not have jurisdiction over a defendant unless that defendant

has been served properly.  *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

However, "Rule 4 is a flexible rule that should be liberally construed so long as a party

receives sufficient notice of the complaint."  *United Food & Commercial Workers Union*

*v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).  Nonetheless, without substantial

compliance with Rule 4 "neither actual notice nor simply naming the defendant in the

complaint will provide personal jurisdiction."  *Benny v. Pipes*, 799 F.2d 489, 492 (9th

Cir. 1986).

**ORDER - 2**

Despite the language of the Rule, service of process is not entirely limited to officially designated officers, managing agents, or agents appointed by law for the receipt of process. Rather, Rule 4 is to be applied in a manner that will best effectuate its purpose of giving defendant adequate notice of a claim made against them. "Thus, proper service can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Jones v. Automobile Club of Southern California*, 26 Fed. Appx. 740, *2 (9th Cir. 2002) (*quoting Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1251 (S.D.N.Y. 1977)). Generally, "[t]he determination of whether a given individual is a 'managing or general agent' depends on a factual analysis of that person's authority within the organization." 2 J. Moore, J. Lucas, H. Fink & C. Thompson, Moore's Federal Practice ¶ 4.22[2], at 4-205 (2d ed. 1987).

In this case, however, Plaintiff's method of service cannot be said to be "reasonably calculated" to alert defendant to the initiation of the suit as contemplated by Rule 4. The Kootenai County employees apparently served with the summons and complaint are not representatives of the Watson Agency Defendants for purposes of service of process. Further, Plaintiff's "status as a pro se litigant does not excuse his failure to comply with the requirements of Rule 4." *Phillips v. Southern Wine & Sprits of Northern California, Inc.*, 943 F.2d 55, *1 (9th Cir. 1991).

ORDER - 3

Accordingly, because the Watson Agency Defendants have not been properly served as required by Rule 4, Plaintiff shall have until January 15, 2013, in which to show cause why the Watson Agency Defendants should not be dismissed for failure perfect proper service. Furthermore, because the Watson Agency Defendants have not appeared, Plaintiff's Motion for Entry of Default (Dkt. 77) is denied. Likewise, the referral to Hon. Ronald E. Bush, for settlement purposes, is withdrawn.

## ORDER

It is hereby ordered:

1.      Plaintiff's Motion for Entry of Default (Dkt. 77) is DENIED;

2.      The referral for settlement (Dkt. 75) is WITHDRAWN; and

3.      Plaintiff shall have until January 15, 2013, in which to show cause why the Watson Agency Defendants should not be dismissed for failure perfect proper service.



DATED: December 14, 2012

Honorable Larry M. Boyle
U. S. Magistrate Judge

ORDER - 4